PETER B. HAMLIN et al. v. MALINDA WALKER et al., Appellants.

**Division One, May 31, 1910.**

1. **Dismissal of Cause: Cross-Bill.** At common law and under the statutes, plaintiff has the right to dismiss the cause of action at any time before the submission of the cause, notwithstanding his petition asserts that appealing defendants claim some title to the property adverse to another defendant, and said appellants have filed an answer alleging that said other defendant's deed to an undivided half interest in the property was null and void because the grantor therein was incapable of making a deed and because she was unduly influenced by said other defendant to make the deed. That was not a set-off or a counterclaim, and Sec. 4499, R. S. 1899, permitting a defendant to remain in court after a dismissal by plaintiff applies only in case the an-

swer sets up a set-off or counterclaim, and neither that section nor section 639 prohibits plaintiff from withdrawing from the case before submission.

2. ———: ———: **Partition Suit.** The court, in a partition suit, is not compelled to keep in court a plaintiff who has filed a dismissal before the submission of the cause, for the mere purpose of adjusting conflicting claims among the defendants to a portion of the lands. Under section 639 plaintiff has a clear right to withdraw before a submission of the cause; and section 4389 of the Partition Act gives to the court a discretion to settle the adverse claims of defendants during the course of the partition proceeding or to direct the portion claimed by them to be set off and allotted subject to the claim of the parties against each other; and if the court has the discretion to remit the controversy among defendants to another action, it clearly has the discretion to refuse to keep plaintiffs and their cause in court for the mere trial of the controversy between defendants.

Appeal from Platte Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*B. R. Martin* and *James H. Hull* for appellants.

(1) The court committed error in dismissing the suit and entering judgment for respondents against defendant James Wallis, on the stipulation filed between respondents and James Wallis, after answer filed by appellants. (2) The respondents bring a partition suit saying they desire the court to partition the land in question, according to the respective interests of the parties plaintiff and defendant; make the appellants, together with James Wallis, parties defendant, and state in their petition that the heirs at law of the said Nancy A. Hamlin, deceased, are made parties defendant, because plaintiffs are informed that they claim some right, title or interest in the real estate in question, adverse to the defendant James Wallis, but not adverse to the plaintiffs herein. And then proceed by an agreement with Wallis to dismiss the cause without a trial and without determining the respective in-

terests of the parties. Under the authorities that cannot be done. When a court of equity once acquires jurisdiction it will not relax its grasp upon the *res* until it shall have avoided a multiplicity of suits by doing full, adequate and complete justice. Savings Inst. v. Collinious, 63 Mo. 290; Stewart v. Calwell, 54 Mo. 536; Snyder v. Arn, 187 Mo. 177; Holloway v. Holloway, 97 Mo. 640. (3) This cross-complaint is merely in effect a counterclaim, and not calculated to defeat the partition, but entitles the party pleading it to some affirmative relief from his codefendant, and the controversy thus raised by the pleadings gives the court jurisdiction to determine it, and a court of equity will not drive the parties out to litigate this matter again merely because the issue arose in a partition suit brought against them. 17 Am. and Eng. Ency. Law (1 Ed.), 739; Snyder v. Arn, 187 Mo. 165. (4) It is the settled practice in this State that adverse and conflicting rights and interests may be contested and settled under the statutory proceedings for the partition of land. Thompson v. Holden, 117 Mo. 118; Snyder v. Arn, 187 Mo. 165; Holloway v. Holloway, 97 Mo. 633; R. S. 1899, sec. 4389; Benoist v. Thomas, 121 Mo. 660; Gunn v. Thurston, 130 Mo. 339; Budde v. Rebenack, 137 Mo. 179.

*Anderson & Carmack* and *John W. Coots* for respondents.

(1) The plaintiff shall be allowed to dismiss his suit or take a nonsuit at any time before the same is finally submitted to the jury, or to the court sitting as a jury, or to the court, and not afterwards. R. S. 1899, sec. 639; Ivory v. Delore, 26 Mo. 505; Lanyon v. Chesney, 209 Mo. 1. (2) The respondents make no claim that the controversy between the defendant Wallis and the other defendants, who are the appellants in this case, might not have been settled in the partition suit, had it been submitted to the court for final hear-

ing, by the parties, and not dismissed by plaintiffs before that stage of the case was reached.

GRAVES, J.—Action for the partition of eighty acres of land in Platte county. We will give the facts as set out in the pleadings. This land was owned by Robert M. Hamlin in his lifetime. Hamlin died without issue and left as his widow, Nancy A. Hamlin. Upon the death of Hamlin, the wife and widow elected to take one-half of the property absolutely. The plaintiffs were nephews and nieces of the said Hamlin. Afterward Nancy A. Hamlin died, and the defendants appealing to this court are her collateral heirs at law. She deeded her interest in the land to the defendant James Wallis, who does not appeal. The foregoing facts are pleaded in the petition, and in addition thereto it is pleaded that the defendants appealing to this court claim some title to the property adverse to defendant Wallis, but not to the plaintiffs, and for the reason of such adverse claim to the interest conveyed to Wallis they were made defendants.

The appealing defendants filed a separate answer, in which they plead the same facts as to the death of Mr. Hamlin and the descent of his property as pleaded by plaintiffs, and then aver their relationship to the deceased, Nancy A. Hamlin. They then aver that the said Nancy A. Hamlin died intestate and seized of an undivided half interest in the land involved in this suit. They then further aver that the alleged deed to Wallis from Mrs. Hamlin was null and void because the grantor therein was (1) mentally incapable to make a deed, and (2) that she was unduly influenced to make the same by Wallis, who at the time stood in a fiduciary relation to the said grantor, Mrs. Hamlin. They asked that the said deed be cancelled and for naught held, and that they be given and granted their respective interests in the property. This answer was filed on March 18, 1907. On March 19, 1907, the following stip-

ulation was filed by the plaintiffs and the defendant Wallis:

"It is hereby stipulated and agreed by and between the plaintiffs and the defendant James Wallis, that this cause shall be dismissed at the cost of the defendant James Wallis."

Over the objection of the defendants, who have appealed this cause, the trial court dismissed said cause as per the terms of the stipulation and entered judgment against Wallis for costs, as per the stipulation.

After unsuccessful motions for new trial and in arrest of judgment, an appeal was taken from the judgment aforesaid. The sole question therefore is whether or not under the pleadings the court could dismiss the cause upon the stipulation and thus preclude the appealing defendants from trying the issues raised by their answer or cross bill, if it should be denominated a cross-bill.

I. A glance at the statement discloses that there is but a single question for determination in this case. Its determination is dependent upon a close examination of the common law and our statutes. At common law there would be no doubt as to the right of the plaintiff to dismiss his cause. The rule of the common law is thus tersely stated in 6 Ency. Plead. and Prac., p. 847: "At common law, the filing of a plea or answer, in any form of action, merely responsive to the plaintiff's complaint, does not affect his right to a voluntary termination of the action. Nor at common law did the filing of a counterclaim or plea of set-off have any efficacy in that respect."

Not only so, but under the common law, as we adopted it in Missouri, the plaintiff had the right to dismiss at any time before verdict.

In 14 Cyc. at page 401, it is said: "In England plaintiff originally had a right to abandon an action

at law and become nonsuit at any time before verdict. But the rule has been abolished there by a rule of the Supreme Court adopted under the Judicature Act, and has been changed by statute in a large number of the United States. So without any special statutory regulations on the subject the courts of many other States have declined to follow the rule. In other States where there has been no statutory change of the rule, plaintiff may still dismiss his action at any time before verdict; at least he can do so unless a set-off or counterclaim is pleaded by defendant, or unless defendant has acquired a right to some affirmative relief.'' The change was made in England in the year 1845. [Howard v. Bugbee, 25 Ala. 1. c. 550.]

Our statutes, however, have modified the common law rule. Thus by section 639, Revised Statutes 1899, the plaintiff can dismiss or take a nonsuit at any time before final submission to the jury or to the court sitting as a jury. [Lanyon v. Chesney, 209 Mo. 1. c. 6 and 7.]

Prior to the enactment of section 4499, Revised Statutes 1899, which first appeared in the revision of 1889, a defendant filing a counterclaim or set-off could not ask judgment on such claim unless the plaintiff pressed his suit. In Lanyon v. Chesney, supra, it is said: ''Prior to the revision of 1889, when section 8172, now section 4499, Revised Statutes 1899, was added, it was several times, in effect, ruled by the Supreme Court that when the defendant answered and pleaded a set-off or counterclaim, he could not, if plaintiff failed to appear at the trial, or take a nonsuit, take a verdict and judgment against him for the amount of his set-off and counterclaim. [Nordmanser v. Hitchcock, 40 Mo. 178; Fink v. Bruihl, 47 Mo. 173; Martin v. McLean, 49 Mo. 361.] But in order to remedy this seeming injustice to defendants who had and pleaded set-offs and counterclaims in their answers to actions against them, said section 4499 was added,

and since that time the dismissal or nonsuit of plaintiffs no longer carries with it the set-off or counterclaim of a defendant, but such is proceeded with as an independent suit instituted by the defendant. The consequence is that the cases above referred to are no longer the law in cases where defendant files a set-off or counterclaim. [Pullis v. Pullis, 157 Mo. 565.]''

It would thus appear that in this State the plaintiff is not precluded from dismissing his cause and retiring from court at any time before submission, except in cases where a set-off or counterclaim has been filed, and then the right to retire absolutely from the cause is cut off in such cases by express statute. The common law rule has therefore been at least modified in two particulars (1) the dismissal must be before submission, whilst at common law, it might be after submission but before verdict, and (2) in cases wherein a counterclaim or set-off has been filed, the dismissal of the plaintiff shall not preclude the defendant from going on with his counterclaim or set-off as against the plaintiff.

This section 4499 reads: ''Whenever a set-off or counterclaim shall be filed in an action, as provided in this chapter, it shall be deemed in law and treated as an independent action begun by the defendant against the plaintiff, except in the cases enumerated in section 4488 of this chapter; and the dismissal or any other discontinuance of the plaintiff's action, in which such set-off or counterclaim shall have been filed, shall not operate to dismiss or discontinue such set-off or counterclaim, but the defendant so filing such set-off or counterclaim may, notwithstanding such discontinuance or dismissal of the plaintiff's action, prosecute the same against the plaintiff in the same manner and with the same force and effect as if he had originally begun the action on his set-off or counterclaim against the plaintiff; and, in such case, the defendant so prosecuting such set-off or counterclaim

shall be subject to all the rules applicable to plaintiffs in civil actions and other procedure, and the set-off or counterclaim shall be proceeded with, in all respects, as if the action had originally been begun by the defendant against the plaintiff.''

It will be observed that this section does not preclude the plaintiff from dismissing his cause of action, but it declares that such counterclaim or set-off shall be treated as an independent action by defendant against the plaintiff, and such independent action can be pressed to judgment irrespective of the plaintiff's dismissal of his cause of action. This section is far from being a restriction upon the plaintiff as to his right to dismiss his case. The only restriction on his right to dismiss, unless it be in the law pertaining to partition proceedings, and this we discuss later, is found in section 639, supra, which reads: ''The plaintiff shall be allowed to dismiss his suit or take a nonsuit at any time before the same is finally submitted to the jury, or to the court sitting as a jury, or to the court, and not afterward.'' As above stated, this section only modifies the ancient common law rule by limiting the right of dismissal to a time prior to the submission and not thereafter.

In the case of Atkinson v. Carter, 101 Mo. App. 485, the St. Louis Court of Appeals in discussing these statutes said:

''In 1889 a new section (8172) was added to the chapter on 'Set-off' by which it is provided that notwithstanding plaintiff might take a nonsuit or dismiss his suit before final submission, yet the defendant's counterclaim or set-off should be proceeded with to final judgment. [Pullis v. Pullis, 157 Mo. l. c. 588.]

''The general rule in respect to a plaintiff's right to dismiss before final submission is, that where the answer sets up new matter demanding affirmative relief for which the defendant might maintain a separate action against the plaintiff, the defendant, as to

such new matter, is deemed a plaintiff and cannot thereafter be deprived of his right to a trial of his cause by a voluntary dismissal or nonsuit by the plaintiff. [6 Ency. Pl. and Pr., p. 848, and cases cited in the notes.] But this rule has never obtained in this State. On the contrary, the Supreme Court, except in special proceedings, has construed the right of a plaintiff to dismiss or take a nonsuit under section 639, supra, before final submission, to be absolute and unconditional. With this construction before it, the Legislature in 1889 enacted section 8172, supra. This section does not interfere with or in the least abridge a plaintiff's right to dismiss a suit or take a nonsuit before final submission; but it secures to a defendant who has filed a counterclaim a new right; that is, it retains the counterclaim or set-off in court after the dismissal of plaintiff's cause of action and authorizes a trial and judgment thereon. It does not modify or qualify section 639, supra, in the least and it is apparent that the Legislature did not intend by section 8172, supra, to abridge plaintiff's right to dismiss a suit or take a nonsuit as that right had been theretofore defined by the Supreme Court, and, we think, the rule prevails in this State, that in all ordinary actions at law or in equity, the plaintiff has the right before final submission to dismiss his suit or take a nonsuit, irrespective of the fact that matters are pleaded in the answer which would entitle the defendant to affirmative relief and for which he might maintain a separate action against the plaintiff. It follows that the court erred in [not] sustaining plaintiff's motion to dismiss.''

This language was quoted with approval by this court in the Lanyon case, supra; in the Atkinson case, the plaintiff, after answer, but before trial, had by formal motion asked leave to dismiss his case, which motion the trial court overruled and forced the trial of the case. The Court of Appeals reversed and re-

manded the cause with directions that the trial court sustain the plaintiff's motion and dismiss the cause.

We therefore conclude that unless there is something in our law pertaining to partition suits which thwarts plaintiff's rights, the action of the court *nisi* in this case was right. Our partition statutes we take up next.

II.   Turning now to article I of chapter 53, being our statutes upon the partition of real estate, how stands the case? Under this chapter, section 4376 reads: "Every person having an interest in such premises, whether in possession or otherwise, shall be made a party to such petition."

Section 4378 reads: "Any person having an interest in such premises, whether the same be present or future, vested or contingent, though not made a party in the petition, may appear and be made a party on application for that purpose, accompanied by an affidavit of such interest."

Then following there is the section which relates to the situation found in the case at bar. The section is numbered 4389, and reads: "Whenever it shall appear in any proceeding in partition, that there are parties claiming the same portion adversely to each other, the court may either decide upon such adverse claims, or, in its discretion direct the share or shares so in controversy to be set off and allotted, subject to the claims of the parties in controversy against each other."

These are the only sections materially bearing upon the question in issue. In the case at bar, under section 639, supra, and the cases construing it, had the plaintiff alleged that the defendants, now appealing, were the owners of the disputed one-half of this eighty acres of land, and had not made the non-appealing defendant a party, there would be no doubt of the plaintiff's right to discontinue his suit. Or, had plaintiff brought the suit against the non-appealing defend-

ant alone, there would have been no question. The question then is does section 4389, supra, change the situation? We think not. Under the statute, section 639, supra, the plaintiff is insured the absolute right to dismiss. The rule under such statutes is thus stated in 14 Cyc. at page 402: "In many jurisdictions there are statutes which provide in substance either that plaintiff, if he desires to suffer a nonsuit or dismiss his cause, 'must' do so before the cause is finally submitted to the court or jury or before the jury retire, or that he 'may' suffer a nonsuit at any time before the final submission of the cause to the court or jury or before the jury retire. Under either class of statutes it is of course competent for plaintiff to dismiss or suffer a nonsuit before a final submission of the cause, or, what amounts to the same thing, before the jury retire. This right being one given by statute is, it is believed, absolute, and one which the court has no right to deny."

Under section 4499, relating to counterclaims and set-offs, the plaintiff, as we have seen, is not precluded from dismissing his action, but is simply held in court to defend the counterclaim or set-off filed by the defendant.

Section 4389 simply provides that if it appears in the *course* of a partition proceeding that there are parties claiming the same portion adversely to each other, *then* the court may either decide such contention, or may direct the disputed share or shares so in controversy to be set off and allotted, *subject* to the claims of the parties against each other. As to which course the court will pursue is a matter purely within the discretion of the trial court. To illustrate, taking the case at bar as the subject of the illustration, if the plaintiff in this case had pressed his suit, the court could have done either of one or two things as to the conflicting claims of the defendants to the one share of one-half. The court could have heard the

controversy between the parties and decided it, or in the exercise of its discretion it could have refused to decide such controversy and set-off this one-half "subject to the claims of the parties in controversy against each other." That there is a clear discretion given the court no doubt can be entertained. So in this case what have the appealing defendants lost? Had the cause been actually tried the court in the exercise of its discretion could have remitted the controversy brought to issue by their answer, to another action between the appealing defendants and the non-appealing defendant. If the court had that right, which we think it did, then the refusal of the court to keep plaintiffs and their cause in the court for the mere trial of this controversy between the defendants, was but the mere exercise of a discretion vested in the court by this statute.

Considering the common law and all of our statutes, we entertain no doubt of the correctness of the action taken by the trial court, and its judgment is accordingly affirmed. All concur.