675 So.2d 348 (1995)
Ex parte FIRST NATIONAL BANK OF JASPER.
(Re Ruth MOORE v. FIRST NATIONAL BANK OF JASPER and Protective Life Insurance Company.)
Ex parte FIRST NATIONAL BANK OF JASPER.
(Re Joy SCHEILE v. FIRST NATIONAL BANK OF JASPER and Protective Life Insurance Company.)
1940233, 1940234.
Supreme Court of Alabama.
July 28, 1995.
As Modified on Denial of Rehearing December 29, 1995.
Hobart A. McWhorter, Jr., John D. Watson and Matthew H. Lembke of Bradley, Arant, Rose & White, Birmingham, Edward R. Jackson of Tweedy, Jackson & Beech, Jasper, for Petitioner.
Garve Ivey, Jr. of Wilson & King, Jasper, Clatus Junkin and Charles E. Harrison of Wilson & King, Fayette, for Respondents Scheile and Moore.
COOK, Justice.
First National Bank of Jasper petitioned for writs of mandamus directed to the Honorable James Moore, judge of the Circuit Court of Fayette County, and the Honorable James Brotherton, judge of the Circuit Court of Walker County. We deny the petitions.
The Bank asks this court to compel Judge Moore and Judge Brotherton to vacate their orders overruling its motions styled as motions to "Dismiss, Stay or Alternatively, Plea [in] Abatement" and further to compel the trial courts to dismiss two identical class actions and leave pending only the individual claims of the named plaintiffs. The Bank alleges that the actions these petitions relate to are two of six identical class actions filed on the same day, in three different counties, brought in the name of different individual plaintiffs, whose claims arise from the purchase of credit life insurance incident to two installment loans. In each action, the plaintiffs seek to obtain class certification of "all members of a class composed of persons who have bought credit life insurance through the defendants." All of these complaints were filed on May 24, 1994, with the first of them being filed in the Jefferson County Circuit Court and being styled Earl Crawford and Beverly Crawford v. First National Bank of Jasper and Protective Life Insurance Company.
The Bank asserts that it should not be required to defend six simultaneous and identical class actions, in three separate counties, all having been brought by the same lead attorney, and all containing the identical class allegations and claims, on behalf of the same alleged class. The Bank maintains that under Rule 23, Ala.R.Civ.P., and under the abatement statute, Ala.Code 1975, § 6-5-440, the class allegations in these cases should be dismissed, inasmuch as an *349 identical case with class allegations has been previously filed. Section § 6-5-440 provides:
"No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times."
The Bank argues that it has a clear right under the abatement statute to the dismissal of the class action cases filed after the Crawford case, including the cases that are the subject matter of the petitions now before us. The Bank does not challenge the right of each of the individual plaintiffs to maintain individual actions, but challenges the maintaining of six separate identical class action lawsuits.
In reviewing the answers and the supporting briefs of the parties, we find that the Bank has established each of the elements essential for the granting of its petitions except one: The Bank has failed to establish that a class has been certified in any of the pending cases.[1] The abatement statute is controlling, but it must be interpreted in the light of the class action procedures outlined in Rule 23, Alabama Rules of Civil Procedure. Rule 23 provides in part:
"(c) Determination by Order Whether Class Action to Be Maintained; Notice; Judgment; Actions Conducted Partially as Class Actions.
"(1) As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits."
Once a certification occurs in any court, that certification abates all other pending actions and the named plaintiffs in the other actions would then become members of the certified class in the court in which the certification has occurred. Indeed, Judge Moore has expressly anticipated this result. In addressing the Bank's "plea in abatement" filed in the Fayette County Circuit Court, Judge Moore stated:
"The court finds that this claim may have merit but is premature. It is ordered that [the petitioner's] Plea in Abatement ... is hereby denied. The court will reconsider this motion pending certification and identification of class members in those actions listed in [the petitioner's Supplement to Record filed September 13, 1994."
Inasmuch as there has not been a showing that a class has been certified in one of the earlier-filed cases not the subject of this petition, the Bank has not demonstrated that it has a clear legal right to the relief sought. Therefore, the petitions for the writ of mandamus are denied.
WRITS DENIED.
MADDOX, SHORES, KENNEDY, INGRAM, and BUTTS, JJ., concur.
HOUSTON, J., concurs specially.
HOUSTON, Justice (concurring specially).
In my opinion, the denial of class certification, so long as the denial is not based upon inadequate representation by the named plaintiff or plaintiffs, would also be binding on other putative members. Therefore, I would hold that to have the writ granted, as to the class action aspect of these cases, the petitioner would have to establish that in another case a class has been certified or that certification was refused upon some ground other than inadequate representation by the named plaintiff or plaintiffs.
NOTES
[1] The record suggests, but does not affirmatively show, that certification has occurred in case no. 1940234.