689 So.2d 43 (1997)
FIRST NATIONAL BANK OF JASPER
v.
Earl CRAWFORD and Beverly Crawford.
1950773.
Supreme Court of Alabama.
February 28, 1997.
*44 Hobart A. McWhorter, Jr., and Matthew H. Lembke of Bradley, Arant, Rose & White, Birmingham, for Appellant.
Garve Ivey, Jr., of King, Ivey & Junkin, Jasper, for Appellees.
COOK, Justice.
First National Bank of Jasper ("the Bank") appeals from a judgment granting the motions of Earl Crawford and Beverly Crawford to decertify and dismiss without prejudice their class action against the Bank. We affirm.
This case, like Ex parte First National Bank of Jasper, 675 So.2d 348 (Ala.1995) ("FNB of Jasper I"), arises out of litigation involving the "purchase of credit life insurance incident to ... installment loans" made by the Bank. Id. at 348. More specifically, it concerns a retail installment loan made to Earl Crawford, which loan formed the basis of one of "six identical class actions filed on the same day, in [Fayette, Jefferson, and Walker Counties], brought in the name of different individual plaintiffs." Id. We noted in that case:
"In each action, the plaintiffs [sought] to obtain class certification of `all members of a class composed of persons who have bought credit life insurance through the defendants.' All of [the] complaints were filed on May 24, 1994, with the first of them being filed in the Jefferson County Circuit Court and being styled Earl Crawford and Beverly Crawford v. First National Bank of Jasper and Protective Life Insurance Company."
Id. (Emphasis added.)
In FNB of Jasper I, "[t]he Bank assert[ed] that it should not be required to defend six simultaneous and identical class actions, in three separate counties, all having been brought by the same lead attorney, and all containing the identical class allegations and claims, on behalf of the same alleged class." Id. It petitioned this Court for writs of mandamus directing the circuit courts of Fayette and Walker Counties to abate the actions, pursuant to Ala.Code 1975, § 6-5-440, which provides:
"No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times."
See 675 So.2d at 348-49.
On July 28, 1995, this Court issued an opinion denying the petitions on the ground that "the Bank ha[d] failed to establish that a class ha[d] been certified in any of the pending cases," id. at 349 (emphasis added; footnote omitted), and, consequently, that the litigation was not yet ripe for abatement in any court. Id.
Meanwhile, on November 30, 1994, the named plaintiffs in this caseEarl and Beverly Crawfordfiled a motion in the Jefferson County Circuit Court "to dismiss the [Bank], without prejudice, from this action," on the ground that the Bank had "objected to the pendency of different actions by different Plaintiffs, and [that] the Plaintiffs [had] chosen to pursue all of their actions in the case of Joy Scheile v. First National Bank, CV-94-062, Circuit Court of Fayette County."
On December 1, 1994, the Bank moved the Jefferson County Circuit Court "for the appropriate order striking or otherwise disallowing the motion filed ... by [the] plaintiffs to dismiss this action without prejudice." (Emphasis added.) Subsequently, on January 27, 1995, this action was transferredon the Bank's motionfrom Jefferson County to Walker County on the ground of forum non conveniens. On February 16, 1995, the Bank moved the Walker County Circuit Court "to enter an order certifying this action as a class action." On August 21, 1995, the Walker County Circuit Court granted the Bank's motions to certify a class action and to strike the plaintiffs' motions to dismiss.
On March 10, 1995, Earl Crawford supplemented his motion to dismiss the action with an affidavit, which stated in pertinent part:

*45 "On or about November 23, 1992, I was injured in a motor vehicle accident. As a result of that accident, I suffered a severe fracture of my left femur. The severity of the fracture has made the healing process slow. I have undergone extensive medical treatment including a recent surgery in 1995.
"Because of my health, and advice of counsel, I wish to defer to Joy Scheile in the credit life class action lawsuit involving First National Bank, et al. I will continue to pursue the credit life class action against SouthTrust Bank, N.A., et al. I am certain that I can competently serve as class plaintiff in the cause of action against SouthTrust Bank, N.A., et al. I am not certain I can adequately pursue both."
(Emphasis added.)
On September 5, 1995, the Crawfords moved the Walker County Circuit Court to "reconsider, alter, amend, or vacate" the order certifying the class and refusing to dismiss. The Bank opposed that motion; however, on January 19, 1996, the trial court entered an order stating in pertinent part:
"The court finds that there is pending, in the Circuit Court of Fayette County, Alabama, a case styled Joy Scheile v. First National Bank of Jasper, case # CV94[0]62, alleging grounds which include all of the grounds set out in the instant case ... against the Defendant First National Bank of Jasper; that the Scheile case is a putative class action which would include and protect the members of the instant class...; that the Plaintiff herein, Earl Crawford, has asked to be relieved of his responsibilities in this action in deference to Ms. Scheile so as to allow him to pursue a separate action; ... that no harm or prejudice can occur to the class as a result of a dismissal of this action, in view of the pending Scheile action; and that clearly, class counsel believes it to be in the best interest of the class they represent to certify this class in the Scheile case rather than the instant case.
"Wherefore, premises considered, the court is of the opinion that this case should be litigated in the Scheile case, and it is therefore ORDERED, ADJUDGED AND DECREED that:
"1. This court's order of August 21, 1995, is VACATED, and this class is decertified, without prejudice to the class to seek certification in the Scheile case;
"2. This case is DISMISSED WITHOUT PREJUDICE. The court specifically finds that there is no harm or prejudice to the Plaintiff class and that no notice is necessary or required to the class of these actions, save as may be ordered by the court in the Scheile case."
From this judgment, the Bank appealed.
We begin our discussion by noting that the plaintiff chooses the forum for the litigation upon filing the lawsuit. At common law, "the plaintiff had a right to abandon an action ... and become nonsuit at any time before verdict." Hamlin v. Walker, 228 Mo. 611, 616, 128 S.W. 945, 946 (1910). Under our present rules, the plaintiff's right to a voluntary dismissal after the service "by the adverse party of an answer or of a motion for summary judgment" is circumscribed by "such terms and conditions as the court deems proper." Ala. R. Civ. P. 41(a)(1) and (2). "A defendant is not entitled to reversal [of an order of dismissal under Rule 41(a)(2)] unless he can show that the trial court failed to exercise or abused its discretion, or exercised an unpermitted discretion." Bevill v. Owen, 364 So.2d 1201, 1203 (Ala.1979) (emphasis added).
The Bank contends, however, that after August 21, 1995, the plaintiffs had no right to seekand the trial court had no discretion to granta dismissal of the action. The Bank says this is so, because, it argues, § 6-5-440 is essentially self-executing, that is, it springs into operation without a motion by the defendant to invoke it, and without the trial court's considering such a motion and the grounds on which it is based. According to this argument, on August 21, 1995, when the Walker County Circuit Court certified a class action, § 6-5-440 operated immediately to abate automatically all other actions, and specifically, for our purposes here the one pending in Fayette County. Thus, it insists, the trial court, in its order of dismissal on January 19, 1996, erred in concluding that Scheile was *46 "pending" in Fayette County and, consequently, erred to reversal in dismissing the action on the basis of that conclusion, Rule 41(a)(2) notwithstanding.
In support of this proposition, the Bank states: "The Court [in FNB of Jasper I] held that `[o]nce a certification occurs in any court, that certification abates all other pending actions and the named plaintiffs in the other actions would then become members of the certified class in the court in which the certification has occurred.'" Brief of Appellant, at 9 (quoting 675 So.2d at 349) (emphasis added).
The Bank, however, misconstrues FNB of Jasper I. First, the quoted statement did notindeed, could notrepresent the holding of FNB of Jasper I as the Bank construes it. This is so because when FNB of Jasper I was decided, there had been no certification in any court on which to establish such a holding. The FNB of Jasper I holding, which was very narrow, was that until a certification occurred somewhere, it would be premature to consider the application of § 6-5-440. This holding is, in fact, contained in the excerpt we quoted with approval from the Fayette County Circuit Court's order, which denied the Bank's motion to dismiss, stay, or abate the action in that county:
"`The court finds that this [abatement] claim may have merit but is premature. It is ordered that [the petitioner's] Plea in Abatement ... is hereby denied. The court will reconsider this motion [following] certification and identification of class members in those actions listed in [the petitioner's] Supplement to Record filed September 13, 1994.'"
675 So.2d at 349 (emphasis added).
This statement does not support the rule the Bank advocates, namely, that § 6-5-440 is self-executing. On the contrary, in stating that it would "reconsider" the Bank's motion to dismiss, stay, or abate the action after "certification" in one of the other actions, the Fayette Circuit Court expressly contemplated reconsidering the issue only whenand ifthe Bank renewed its motion to abate the action in Fayette County.[1] We quoted the trial court's order as illustrating well the procedure § 6-5-440 requires.
The essence of the matter is that § 6-5-440 is, neither by its express terms nor by this Court's construction of it, selfexecuting. On the contrary, § 6-5-440 states: "No plaintiff is entitled to prosecute two actions ... at the same time for the same cause ... against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times." (Emphasis added.) To take advantage of § 6-5-440, the defendant must file a motion calling for the plaintiff to choose which action will be prosecuted. Thus, the defendant "may," but, by implication, need not, "require the plaintiff to elect" a forum, if the plaintiff has commenced actions simultaneously, and the burden is upon the defendant to assert as a defense the pendency of a previously commenced action. When actions are commenced simultaneously, the plaintiff has the right to choose the forum in which to proceed. The plaintiffs in this case have, of course, elected the forum in which they wish to proceed, namely, Fayette County.
Nothing in the text of the statute suggests that the legislature intended to relieve the defendant of the responsibility to take all appropriate measures to abate an action to which it has a defense. Because the Bank's construction of § 6-5-440 would divest the plaintiff of the right to elect a forum and would vest that right in the defendant, its construction would essentially stand the statute on its head.
Such a construction would, moreover, bring § 6-5-440 into direct conflict with Rule 41(a)(2). The procedural posture of this case clearly illustrates the conflict. Here, it is the plaintiff who moved to dismiss the action in Walker County, and it is the defendant that objected to the dismissal. Before any action *47 had been certified, the plaintiffs moved to dismiss the action in Walker County. The trial judgeover the objection of the plaintiffscertified a class in Walker County on the motion of the defendants. Later, the trial judge reconsidered, decertified the class, and dismissed the action.
But the reconsideration came too late, according to the Bank, because, it contends, the certification triggered § 6-5-440, which, being self-executing, the Bank insists, automatically and by operation of law abated all other actions, including the one in Fayette County. Section 6-5-440, therefore, as construed by the Bank, effectively divested the Walker County Circuit Court of the discretion to grant the plaintiffs' motion to dismiss on the ground on which it chiefly relied, Rule 41(a)(2) notwithstanding. Neither this Court nor the legislature intended to create such a conflict with the policy and procedure embodied in Rule 41(a)(2). We cannot, therefore, conclude that the trial court was divested of its discretion to dismiss this action on the ground that Scheile was pending in Fayette County.[2]
Neither can we conclude that the trial court abused its discretion. By the time the trial court granted the Crawfords' motion to dismiss, Earl Crawford had unequivocally expressed a desire not to continue to serve as a class representative, a fact to which the court referred in its order. Moreover, much of the evil the Bank now says will result from the dismissal, namely, the additional time and expense of undergoing another certification process in Fayette County, could have been avoided if in the first place the Bank had not opposed the plaintiffs' November 30, 1994, motion to dismiss the Bank from the action then pending in Jefferson County (which was transferred to Walker County on January 27, 1995). For these reasons, the judgment of the trial court is affirmed.
AFFIRMED.
ALMON, SHORES, KENNEDY, and BUTTS, JJ., concur.
HOOPER, C.J., and MADDOX, HOUSTON, and SEE, JJ., dissent.
HOUSTON, Justice (dissenting).
In Ex parte First National Bank of Jasper, 675 So.2d 348, 349 (Ala.1995), an opinion written by Justice Cook and in which Justices Maddox, Shores, Kennedy, Ingram, and Butts, concurred and I concurred in specially, this Court held:
"Once a certification occurs in any court, that certification abates all other pending actions and the named plaintiffs in the other actions would then become members of the certified class in the court in which the certification has occurred."
I thought this meant what it said. Therefore, I dissent.
HOOPER, C.J., and MADDOX and SEE, JJ., concur.
NOTES
[1] As of the time of this writing, this Court has not been made aware of an order of abatement in the Fayette County Circuit Court.
[2] This is true, in other words, because Scheile had not been automatically abated as the Bank contends it had.