Harry L. DeArman and Cherry F. DeArman petition this Court for a writ of mandamus directing the trial court to set aside its order staying this action against Liberty National Life Insurance Company and others ("Liberty National"). The writ is granted.
On January 17, 1996, the DeArmans filed this action against Liberty National, alleging fraud, negligence, and wantonness in the sale of a life insurance policy. (The facts surrounding the transaction made the basis of this action are not pertinent to our consideration of this petition.) On February 21, 1996, Roger D. Lawson, Phyliss A. Lawson, and others filed a similar action against Liberty National Life Insurance Company in the Jefferson Circuit Court and sought to have their action certified as a class action. The Lawson action was conditionally certified as a class action on May 15, 1996. On June 17, 1996, Liberty National, relying on Ex parte FirstNational Bank of Jasper, 675 So.2d 348 (Ala. 1995) (FNB ofJasper I), filed a motion to "abate the present action . . . and [to] stay [it] pending a final order in the Lawson [class action]. On August 20, 1996, the trial court ruled as follows:
 "The 'Motion To Stay' is granted and the Court will hold all other matters in abeyance pending a ruling by Judge Arthur Hanes on the class certification question pending before him in Case No. CV-96-1119 AJH [the Lawson class action]."
The DeArmans filed this mandamus petition in response to that ruling.
It is apparent from an examination of the petition and the briefs that the trial court ruled as it did on the basis of this Court's opinion in FNB of Jasper I, supra. Liberty National argues in its brief as follows:
 "The issue was squarely presented to this Court late last year. In Ex parte First National Bank of Jasper, 675 So.2d 348 (Ala. 1995), the petitioner asked for an order requiring a trial judge to dismiss a putative class action, where five prior similar putative class actions were pending against the petitioner. The Court denied the petition, but held that if a class was certified in any of the six cases, then the other five (including all individual actions by members of the class) would be abated, regardless of the order in which the competing actions were filed. Id. at 349.
 "The Court relied upon Alabama Code § 6-5-440
which provides, inter alia, as follows:
 "No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. . . ." *Page 1290 
 "Ala. Code [1975,] § 6-5-440. Application of this abatement statute has never been a matter of discretion, but has always been interpreted and enforced as a mandatory, nondiscretionary rule. See, e.g., Sessions v. Jack Cole Co., [276 Ala. 10, ] 158 So.2d 652 [(1963)]; Sparks v. Canal Ins. Co., 534 So.2d 582 (Ala. 1988).
 "In applying this statute to a class certification order, this Court in Ex parte First National Bank of Jasper held that strict 'first to file' rules normally applicable to competing actions do not necessarily apply when one or more of the competing actions is a class action; instead, the Court held, while Ala. Code § 6-5-440
is 'controlling . . ., it must be interpreted in light of the class action procedures outlined in Rule 23, Alabama Rules of Civil Procedure.' 675 So.2d at 349. The Court then declared a simple mandatory rule for abatement in the class action context: 'Once a certification occurs in any court, that certification abates all other pending actions and the named plaintiffs in the other actions would then become members of the certified class in the court in which the certification occurred.' 675 So.2d at 349. Thus, the trial court here did precisely as this Court directed in Ex parte First National Bank of Jasper."
(All emphasis is that of Liberty National.)
It appears that the trial court, relying on FNB of Jasper I, intended to stay proceedings in the present action pending a determination of the request for final certification in theLawson class action and then to issue an order abating the present action if the final certification in the Lawson class action occurred. Although FNB of Jasper I, on its face, appears to support the trial court's ruling, a majority of this Court recently clarified the following statement in that opinion: "Once a certification occurs in any court, that certification abates all other pending actions and the named plaintiffs in the other actions would then become members of the certified class in the court in which the certification has occurred." 675 So.2d at 349. In First National Bank of Jasper v. Crawford,689 So.2d 43 (Ala. 1997) (FNB of Jasper II), the majority explained that the abatement of the first of two actions filed by the same plaintiff is neither self-executing nor mandatory:
 "We begin our discussion by noting that the plaintiff chooses the forum for the litigation upon filing the lawsuit. At common law, 'the plaintiff had a right to abandon an action . . . and become nonsuit at any time before verdict.' Hamlin v. Walker, 228 Mo. 611, , 128 S.W. 945, 946
(1910). Under our present rules, the plaintiff's right to a voluntary dismissal after the service 'by the adverse party of an answer or of a motion for summary judgment' is circumscribed by 'such terms and conditions as the court deems proper.' Ala.R.Civ.P. 41(a)(1) and (2). 'A defendant is not entitled to reversal [of an order of dismissal under Rule 41(a)(2)] unless he can show that the trial court failed to exercise or abused its discretion, or exercised an unpermitted discretion.' Bevill v. Owen, 364 So.2d 1201, 1203
(Ala. 1979) (emphasis added [in FNB of Jasper II]).
 "The Bank contends, however, that after August 21, 1995, the plaintiffs had no right to seek — and the trial court had no discretion to grant — a dismissal of the action. The Bank says this is so, because, it argues, § 6-5-440 is essentially self-executing, that is, it springs into operation without a motion by the defendant to invoke it, and without the trial court's considering such a motion and the grounds on which it is based. According to this argument, on August 21, 1995, when the Walker County Circuit Court certified a class action, § 6-5-440 operated immediately to abate automatically all other actions, and specifically, for our purposes here the one pending in Fayette County. Thus, it insists, the trial court, in its order of dismissal on January 19, 1996, erred in concluding that Scheile [v. First National Bank, CV-94-062] was 'pending' in Fayette County and, consequently, erred to reversal in dismissing the action on the basis of that conclusion, Rule 41(a)(2) notwithstanding.
 "In support of this proposition, the Bank states: 'The Court [in FNB of Jasper I] held that "[o]nce a certification occurs in any court, that certification abates all other pending actions and the named plaintiffs in the other actions would then become *Page 1291 
members of the certified class in the court in which the certification has occurred." ' Brief of Appellant, at 9 (quoting 675 So.2d at 349) (emphasis added [in FNB of Jasper II]).
 "The Bank, however, misconstrues FNB of Jasper I.
First, the quoted statement did not — indeed, could not — represent the holding of FNB of Jasper I as the Bank construes it. This is so because when FNB of Jasper I was decided, there had been no certification in any court on which to establish such a holding. The FNB of Jasper I holding, which was very narrow, was that until a certification occurred somewhere, it would be premature to consider the application of § 6-5-440. [Emphasis original.] This holding is, in fact, contained in the excerpt we quoted with approval from the Fayette County Circuit Court's order, which denied the Bank's motion to dismiss, stay, or abate the action in that county:
 " ' "The court finds that this [abatement] claim may have merit but is premature. It is ordered that [the petitioner's] Plea in Abatement . . . is hereby denied. The court will reconsider this motion [following] certification and identification of class members in those actions
listed in [the petitioner's Supplement to Record] filed September 13, 1994." '
 "675 So.2d at 349 (emphasis added [in FNB of Jasper II]).
 "This statement does not support the rule the Bank advocates, namely, that § 6-5-440 is self-executing. On the contrary, in stating that it would 'reconsider' the Bank's motion to dismiss, stay, or abate the action after 'certification' in one of the other actions, the Fayette Circuit Court expressly contemplated reconsidering the issue only when — and if — the Bank renewed its motion to abate the action in Fayette County. We quoted the trial court's order as illustrating well the procedure § 6-5-440 requires.
 "The essence of the matter is that § 6-5-440 is, neither by its express terms nor by this Court's construction of it, self-executing. On the contrary, § 6-5-440 states: 'No plaintiff is entitled to prosecute two actions . . . at the same time for the same cause . . . against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times.' (Emphasis added [in FNB of Jasper II].) To take advantage of § 6-5-440, the defendant must file a motion calling for the plaintiff to choose which action will be prosecuted. Thus, the defendant 'may,' but, by implication, need not, 'require the plaintiff to elect' a forum, if the plaintiff has commenced actions simultaneously, and the burden is upon the defendant to assert as a defense the pendency of a previously commenced action. When actions are commenced simultaneously, the plaintiff has the right to choose the forum in which to proceed. . ..
 "Nothing in the text of the statute suggests that the legislature intended to relieve the defendant of the responsibility to take all appropriate measures to abate an action to which it has a defense. Because the Bank's construction of § 6-5-440 would divest the plaintiff of the right to elect a forum and would vest that right in the defendant, its construction would essentially stand the statute on its head. [Emphasis original.]"
689 So.2d at 45-46.
Therefore, contrary to Liberty National's contention, §6-5-440 does not "mandate" the abatement of the present action, regardless of whether the Lawson class action receives final certification. The DeArmans filed this action before the Lawson
class action was filed. Section 6-5-440 was not implicated until the Lawson action was conditionally certified as a class action. When that occurred, the DeArmans became parties in theLawson class action and, as a result, they were instantly prosecuting two separate actions against Liberty National — one individually and one as members of the plaintiffs' class in the Lawson class action. Based on this Court's interpretation of § 6-5-440 in FNB of Jasper II, supra, Liberty National can raise the present action as a defense to the DeArmans' participation in *Page 1292 
the Lawson class action. However, in the absence of an election on the DeArmans' part to pursue their claims in the Lawson
class action, Liberty National has no legal basis upon which to insist that the present action has abated.
By issuing the writ in this case, we do not mean to impinge upon that authority every trial court possesses to stay an action under the appropriate circumstances. We hold only that unless the trial court has a basis, other than this Court's opinion in FNB of Jasper I, for granting Liberty National's motion to stay, the DeArmans have a clear legal right to proceed with the present action.
WRIT GRANTED.
HOOPER, C.J., and MADDOX, KENNEDY, and SEE, JJ., concur.
ALMON, J., concurs specially.
COOK, J., concurs in the result.
SHORES, J., recuses.