I agree that the writ of mandamus should issue to set aside the stay of this action based on the pendency of theLawson class action. However, I think Ex parte Holland,692 So.2d 811 (Ala. 1997), is more pertinent to this case than FirstNational Bank of Jasper v. Crawford, 689 So.2d 43 (Ala. 1997).[1]
In Ex parte Holland, this Court issued the writ of mandamus, holding that two circuit judges had abused their discretion: one for certifying a class action (the Anderson action) as a mandatory class action under Rule 23(b)(1)(B), Ala.R.Civ.P., and the other for staying the Hollands' individual action because of the pendency of the Anderson class action. Although there is no indication here that the Lawson class action was certified as a mandatory class action without opt-out rights, such a certification is the only arguable basis that I can see on which to stay the DeArmans' action because of the pendency of the Lawson class action.
The DeArmans filed their action on January 17, 1996, and theLawson action was filed on February 21, 1996. The DeArmans could have dismissed their individual complaint and joined theLawson class, but their failure to do so should be deemed a decision to opt out of the Lawson class unless Lawson is certified as a mandatory class action under Rule 23(b)(1)(B). The Court held in Holland that such a mandatory class action is not proper in cases such as these, except perhaps in limited circumstances where the defendant can make a particularized showing of how the limited fund doctrine should apply.
I would hold that, under this Court's holding inHolland, the stay of the DeArmans' action pending certification in Lawson was an abuse of discretion.
[1] See also Ex parte State Mutual Ins. Co., [Ms. 1960410, April 4, 1997] ___ So.2d ___ (Ala. 1997), in which this Court held that the circuit court had correctly excluded from a mandatory class action individual plaintiffs who had filed their action before the class was certified; In re Temple, 851 F.2d 1269
(11th Cir. 1988), in which the Eleventh Circuit Court of Appeals issued a writ of mandamus to set aside a district court's order certifying a mandatory class action and staying all pending actions.