ALMON, Justice
(concurring in the result).
I concur with Justice Cook’s opinion concurring in the result. In reading the lead opinion, I am not sure exactly what is meant by “rigorous analysis.” It seems likely that the level of analysis and the requirements of proof or other substantiation of the elass allegations will vary from case to case. In Ex parte First National Bank of Jasper, 717 So.2d 342 (Ala.1997), also decided today, this Court has applied the rule that the first class action that is filed takes precedence, rather than the first one that is certified. Therefore, any perceived need for a hasty certification without notice, a hearing if necessary, and careful consideration of the application of Rule 23 to the circumstances of the case should’ cease to exist. I hesitate to address generally the standard for certification in a ease such as this one, where the driving influence seems to have been a perceived need for haste .because of the effect of cases such as Ex parte First National Bank of Jasper, 675 So.2d 348 (Ala.1995), First National Bank of Jasper v. Crawford, 689 So.2d 43 (Ala.1997), and Ex parte Voyager Guar. Ins. Co., 669 So.2d 198 (Ala.Civ.App.1995). After this case had been pending for some time, the plaintiffs sought an expedited certification because of information they had received indicating that certification might be imminent in a class action that the plaintiffs believed to be a “friendly” action that would usurp their claims if certified first.
I agree, given all the circumstances, that the petition for the writ of mandamus is due to be granted.