I concur in overruling Ex parte First Nat'l Bank of Jasper,675 So.2d 348 (Ala. 1995), and First Nat'l Bank of Jasper v.Crawford, 689 So.2d 43 (Ala. 1997), to the extent that those cases lead to the conclusion that a class action takes precedence over competing pending actions based upon the date of certification of the class rather than upon the date of the filing of the complaint. See also Ex parte Voyager Guar. Ins.Co., 669 So.2d 198 (Ala.Civ.App. 1995).
I concur in the reversal of the order granting thePayne plaintiffs' motion to be excluded from the Tidmore class, but only because that order is based primarily upon the twoFirst National Bank of Jasper cases. I would not express any opinion whether, upon further consideration, the circuit court should grant or should deny the Payne plaintiffs' motion. Even where a court has properly certified a class action as one in which absent members do not have a right to opt out, the court may, in its discretion, allow a given class member or particular members to be excluded from the class. See Martin v.Drummond, 663 So.2d 937 (Ala. 1995), especially pp. 945-46.