I concur with Justice Cook's opinion concurring in the result. I concur with the rule announced today in Ex parteState Mutual Ins. Co., 715 So.2d 207 (Ala. 1997), and Ex parteFirst Nat'l Bank of Jasper, 717 So.2d 342 (Ala. 1997) — that the first action filed with class allegations should generally take precedence over later-filed actions seeking the same relief on behalf of the same alleged class. I also agree that certification of a class should not take place before notice is given to the defendant and a hearing is conducted, if a healing is necessary.
I am not sure, however, exactly what is meant by "rigorous analysis." It seems likely that the level of analysis and the requirements of proof or other substantiation of the class allegations will vary from case to case. In the cases announced today, the Court has removed the impetus toward ex parte
conditional certifications. In my opinion, any further development of a standard by which certifications should be measured should await a case in which a certification has been ordered or denied after notice has been given, a hearing has been conducted, and the court has issued an order on the merits that is not tainted by the urgency prompted by Ex parte FirstNat'l Bank of Jasper, 675 So.2d 348 (Ala. 1995), First Nat'lBank of Jasper v. Crawford, 689 So.2d 43 (Ala. 1997), and Exparte Voyager Guar. Ins. Co., 669 So.2d 198 (Ala.Civ.App. 1995).
SHORES, J., concurs.