I concur in the result. I write specially to discuss briefly the concerns expressed by the respondents, Truman and Eloise McIlwain, regarding filing priority and abatement in class actions.
The practice of "conditionally certifying" classes has become almost routine in this *Page 206 
state. In fact, the McIlwains' brief lists no fewer than 23 cases recently commenced in 15 Alabama counties in which such orders have been granted.[11] One of these actions was commenced in 1995; 22 were commenced in 1996. In fact, as this Court has considered this present case, it has had before it no fewer than four other cases involving this precise issue. We have today decided those four other cases. See Ex parte AmericanBankers Life Assurance Co. of Florida, 715 So.2d 186 (Ala. 1997) (conditional certification); Ex parte First National Bankof Jasper, 717 So.2d 342 (Ala. 1997) (conditional certification); Ex parte Equity National Life Ins. Co.,715 So.2d 192 (Ala. 1997) (conditional certification); and Ex parteMercury Finance Corp. of Alabama, 715 So.2d 196 (Ala. 1997) (conditional certification).
I cannot state more succinctly the concerns expressed by the McIlwains than by quoting their brief directly:
 "[T]he conditional certification procedure is mandated by the abatement rule adopted by this Court in Ex parte [First Nat'l] Bank of Jasper, [675 So.2d 348 (Ala. 1995) ('FNB of Jasper I')]. Under [FNB of Jasper I], when any trial court issues an order of class certification, it abates all other class action proceedings involving the same claims. If a trial court does not certify a case promptly, then another trial court may certify the same claims and abate the proceeding in the initial trial court. It is no coincidence that the Court of Civil Appeals decision in [Ex parte Voyager Guaranty Insurance Co., 669 So.2d 198
(Ala.Civ.App. 1995),] came only a few months after this Court's decision in [FNB of Jasper I]. A prompt certification order is needed to protect the jurisdiction of the trial court while it engages in the ongoing assessment of whether it will enter a final judgment with a certified class. The lack of a conditional certification procedure would invite a 'race for justice' where class discovery and class certification evidentiary hearings would be conducted in multiple courts until one issues an order of certification.
 "[Since FNB of Jasper I], trial courts throughout this state have followed the conditional certification procedure to protect their jurisdiction. . . . This Court should remember that in Alabama, there is no procedure for coordinating related litigation in various Circuits of the State. Compare the Multi-District Litigation Procedure in the federal system. Instead, [this state] has applied the abatement rule that the Legislature has mandated by statute. Conditional certification is a simple and efficient mechanism that is used to implement the abatement rule and to avoid duplicative class litigation."
Brief of Respondents in Opposition to Petition for Writ ofMandamus, at 17-18 (emphasis added). Significantly, the McIlwains also recognized that "[i]f this Court were to consider eliminating the discretion of trial courts to grant conditional certification, then it should also consider whether the abatement rule of [FNB of Jasper I] should be modified."
That is precisely what we have done. In Ex parte State MutualIns. Co., 715 So.2d 207 (Ala. 1997), we have today overruledFNB of Jasper I. In doing so, we eliminated the conditions that resulted in the "race for justice," of which the McIlwains complain. See also Ex parte First National Bank of Jasper,717 So.2d 342 (Ala. 1997), also decided today, in which we discuss more fully the implications of the abrogation of the FNB ofJasper I rule for the issues involved in this case.
Henceforth, trial courts are to return to the rule applied inEx parte Liberty National Life Insurance Co., 631 So.2d 865
(Ala. 1993). Under that rule, the first court in which a complaint containing class allegations is filed has exclusive jurisdiction of the action until that court affirmatively decides whether or not a class certification is proper. *Page 207 
In Ex parte First National Bank of Jasper we explained:
 "This is the rule that should have been applied in FNB of Jasper I . . . . Its application in class-action cases will obviate the need — real or perceived — for ex parte or conditional certification as a means of protecting jurisdiction. This is so, because, under this rule, a first-filed case containing class allegations cannot be preempted by certification in a later-filed class action. This rule entirely undercuts the rationale on which the certification was expressly based in this case."
Id. at 351. Elimination of the rationale for conditional certification will also alleviate the concerns expressed by the respondents in this case and in the other "conditional certification" cases.
ALMON and SHORES, JJ., concur.
[11] These counties were Barbour, Chambers, Choctaw, Clarke, Coosa, DeKalb, Dale, Escambia, Greene, Jefferson, Mobile, Montgomery, Talladega, Tuscaloosa, and Walker.