This is an appeal by permission, Rule 5 (c), A.R.A.P., from an order denying class certification under Rule 23, A.R.Civ.P.
 "The salient facts in this case are not disputed and are based on the deposition of the chairman of the defendant bank. The nature of the claims in this case all have to do with the interest information provided to installment loan customers of the bank. Installment loan customers are provided with coupon books printed for the bank by the American National Bank Trust Company of Chattanooga (ANB). ANB does all of the accounting and computer work for the First Bank of Boaz. The bank does not furnish its installment loan customers any other information about the amount of interest they are paying on their installment loans other than that information contained on the coupon books. The amount of interest shown on the coupon books is not amortized. That is, it does not accurately reflect the amount of interest being paid by the installment loan customer, which is greater in the early part of the loan and less in the late part of the loan. Instead the coupon book merely reflects the amount of interest that would be paid if the entire finance charge were equally divisible over the period of the loan.
 "The plaintiffs (Rowan) charged that the result of this practice is that installment loan customers are injured since the bank furnishes them false interest information for use in, inter alia, claiming deductions on income tax returns. The Rowans also claim that they are members of a class composed of all installment loan customers of the defendant bank who received the ANB coupon books." (Appellants' Brief.)
Rowan learned of this discrepancy when he paid his installment loan before the date of its maturity. Based on the amount of interest he had actually paid, Rowan was due a $303.61 refund on his tax returns over a three-year period. After discussing this matter with Mr. H. Ned Bender, Chairman of the Board, the bank had its accountant file an amendment to Rowan's 1981 federal tax return.
If the trial court applies the relevant criteria in denying class certification, the denial can only be reversed for abuse of discretion. Duncan v. State of Tennessee, 84 F.R.D. 21
(M.D.Tenn. 1979); Paton v. LaPrade, 524 F.2d 862 (3rd Cir. 1975); Monarch Asphalt Sales Co., Inc. v. Wilshire Oil Companyof Texas, 511 F.2d 1073 (10th Cir. 1975); Huff v. N.D. Cass *Page 46 Company of Alabama, 468 F.2d 172 (5th Cir. 1972). Federal authorities are persuasive when interpreting the Alabama Rules of Civil Procedure. First Baptist Church of Citronelle v.Citronelle-Mobile Gathering, Inc., 409 So.2d 727 (Ala. 1981).
Certification of class actions is controlled by Rule 23, A.R.Civ.P., which provides in part:
 "(a) Prerequisites to Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."
All of the above prerequisites must be satisfied before consideration of the additional criteria set out in (b) of Rule 23. Huff v. N.D. Cass Company of Alabama, 468 F.2d 172 (5th Cir. 1972). The proponent of the class action status bears the burden of proof as to each of the above prerequisities. Duncanv. State of Tennessee, supra.
Certification was sought by Rowan as to the following class:
 "the class consisting of installment loan customers of the defendant Bank who, for the past 6 years, have prepaid their loans before maturity." (Emphasis added.)
After conducting an evidentiary hearing on the motion and reviewing the pleadings, interrogatories, depositions, and the brief filed by Rowan, the trial court denied the motion to certify the class. The trial court stated that Rowan's claims were not typical or similar to those of the proposed plaintiff class.
In addition to not meeting requirements of Rule 23 (a)(3), the Bank asserts that Rowan has failed to meet the requirements of Rule 23 (a)(1). In response to questions during the deposition, Mr. Bender stated that the Bank usually has between 1800 and 1950 installment loan customers at any one time. When asked what percentage of these installment loan customers had prepaid their loan, Bender responded that he had no idea. There was no evidence of any kind before the trial court indicating the number of customers of the Bank that prepaid their installment loans. Thus Rowan failed to meet his burden of proof that "the class is so numerous that joinder of all the members is impracticable", as required by Rule 23 (a)(1).
Based on the foregoing we hold that the trial court did not abuse its discretion in refusing to certify this action as a class action. The order is therefore affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur.