KENNEDY, Justice.
The plaintiff, Oscar Sims, appeals from the dismissal of his action against the defendant, Steve Geohagan.
Geohagan, a City of Florala police officer, detained Sims on December 1, 1986. Sims alleged that Geohagan “unlawfully arrested and imprisoned [Sims] in the Florala city jail for a period of 12 hours.” Sims sued on a theory of false imprisonment.[1]
Before he filed this action, Sims had sued Geohagan in a federal court, claiming damages pursuant to 42 U.S.C. § 1983, for an alleged violation of his civil rights; that federal action related to the same incident that gave rise to this action. The federal court dismissed Sims’s action, because the limitations period for a 42 U.S.C. § 1983 action had expired before Sims filed his federal action.[2]
In this case, Geohagan moved to dismiss Sims’s false imprisonment claim pursuant to Ala.R.Civ.P. 12(b)(6). The trial court granted Geohagan’s motion, ruling that the claim was barred by the doctrine of res judicata, given the federal court’s dismissal of Sims’s § 1983 claim.
In the interest of brevity, we do not address the propriety of the trial court’s action with reference to each of the elements of the doctrine of res judicata. Suffice it to say that for that doctrine to preclude the false imprisonment claim here, there must have been, among other things, “a final judgment on the merits” rendered in the federal court. See Hardy v. McMullan, 612 So.2d 1146, 1149 (Ala.1992) (stating the elements of the doctrine of res judicata and indicating that “a final judgment on the merits” is an element of that doctrine). We observe that the federal court made no adjudication “on the merits.” Sims’s federal action was dismissed precisely because it could not properly be heard on the merits, specifically, because the limitations period had expired. Accordingly, *1238 the circuit court erred in dismissing Sims’s false imprisonment claim on the basis of the doctrine of res judicata.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, HOUSTON and COOK, JJ., concur.

. Sims’s complaint was also based on other theories of recovery and involved another defendant, the City of Florala, but Sims does not dispute the trial court's dismissal as to those claims or as to the City of Florala. We emphasize also, that we do not address matters not raised by Geohagan that Sims’s claim might implicate.

. The limitations period for a false imprisonment claim is six years. Ala.Code 1975, § 6-2-34. Sims commenced this state court action claiming false imprisonment within that limitations period.