715 So.2d 186 (1997)
Ex parte AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA.
(In re Douglas WALTERS and Linda Walters v. MERCURY FINANCE CORPORATION and American Bankers Life Assurance Company of Florida).
1950705.
Supreme Court of Alabama.
December 16, 1997.
Michael L. Bell, John P. Dulin, Jr., and Wynn M. Shuford of Lightfoot, Franklin & White, L.L.C., Birmingham, for American Bankers Life Assurance Company of Florida.
*187 Garve Ivey, Jr., Clatus Junkin, Charles E. Harrison, and Barry A. Ragsdale of King, Ivey & Junkin of Jasper, Fayette, and Birmingham, for Douglas Walters and Linda Walters.
Dennis R. Bailey of Rushton, Stakely, Johnston & Garrett, P.A., Montgomery, for Mercury Finance Corporation of Alabama, Inc.
HOOPER, Chief Justice.
The defendants in a fraud action petition for a writ of mandamus directing the trial court to rescind a class action certification. The defendants argue that the trial judge abused his discretion in certifying a class. We grant the petition.
The plaintiffs, Douglas Walters and Linda Walters, alleged that, to finance a consumer purchase, they had borrowed money from the defendant Mercury Finance Corporation and that in regard to that consumer purchase they had bought credit life insurance from the defendant American Bankers Life Assurance Company of Florida. They alleged that the defendants fraudulently induced them and other consumers to purchase a larger amount of credit life insurance than was necessary.
The rules governing the writ of mandamus are well settled:
"Mandamus is an extraordinary remedy requiring a showing that there is: `(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Edgar, 543 So.2d 682, 684 (Ala.1989); Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991)."
Ex parte Johnson, 638 So.2d 772, 773 (Ala. 1994). See also Ex parte Preston Hood Chevrolet, Inc., 638 So.2d 842 (Ala.1994); and Ex parte Liberty Nat'l Life Ins. Co., 631 So.2d 865 (Ala.1993).
This Court has stated:
"[A]s a general rule, ... we look at the construction placed on the Federal Rules of Civil Procedure by the Federal courts in order to interpret the ... Alabama Rules of Civil Procedure, because our rules are based on, and [are] in a large part an adaptation of, the Federal rules. See Committee Comments, [Rule 1]."
Thomas v. Liberty Nat'l Life Ins. Co., 368 So.2d 254, 256 (Ala.1979). While the federal interpretation is "persuasive," Rowan v. First Bank of Boaz, 476 So.2d 44, 46 (Ala. 1985), it is not "binding." First Baptist Church of Citronelle v. Citronelle-Mobile Gathering, Inc., 409 So.2d 727, 729 (Ala. 1981).
In 1982, the United States Supreme Court stated the standard a trial judge must apply in determining whether to certify a class. "[A] Title VII class action, like any other class action, may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) [F.R.Civ.P.] have been satisfied." General Telephone Co. of the Southwest v. Falcon, 457 U.S. 147, 160, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982) (emphasis added). See also Walker v. Jim Dandy Co., 747 F.2d 1360, 1362-63 (11th Cir.1984). Federal courts have held that the standard for reviewing a trial court's class certification order is whether the trial court abused its discretion in certifying the class. Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1569 (11th Cir.1992); Griffin v. Carlin, 755 F.2d 1516, 1531 (11th Cir. 1985); Walker v. Jim Dandy Co., supra, 747 F.2d at 1363; Shipes v. Trinity Industries, 987 F.2d 311, 316 (5th Cir.1993), cert. denied, 510 U.S. 991, 114 S.Ct. 548, 126 L.Ed.2d 450 (1993).
This Court has followed the federal approach. See Ex parte Blue Cross & Blue Shield of Alabama, 582 So.2d 469, 475 (Ala. 1991) (one seeking class certification bears the burden of proof as to each of the four prerequisites of Rule 23(a), Ala.R.Civ.P.). Also, In Rowan v. First Bank of Boaz, supra, 476 So.2d at 45-46, this Court stated:
"If the trial court applies the relevant criteria in denying class certification, the denial can only be reversed for abuse of discretion. Duncan v. State of Tennessee, 84 F.R.D. 21 (M.D.Tenn.1979) ....
*188 "Certification of class actions is controlled by Rule 23, A.R.Civ.P., which provides in part:
"`(a) Prerequisites to Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.'
"All of the above prerequisites must be satisfied before consideration of the additional criteria set out in (b) of Rule 23."
(Emphasis added.) Rowan states that the trial court must apply the "relevant criteria"it must begin with a full analysis of all four elements of Rule 23(a). Clearly, an appellate court cannot determine whether the trial court has applied the relevant criteria, without looking at the order of the trial court. If it attempts to do so, it will be left to speculate as to whether the trial court applied the four elements of Rule 23(a).
In Rowan, when this Court stated that a trial court must apply the "relevant criteria" in determining whether to certify a class, it cited Duncan v. Tennessee, 84 F.R.D. 21 (M.D.Tenn.1979). The order in Duncan is an example of how a trial court must apply the relevant criteria in denying or approving class certification. The order in Duncan contains a rigorous analysis of the elements of Rule 23(a). The order itself is 26 columns long in the F.R.D. volume, and 16 of those columns are devoted to a discussion of the four elements of Rule 23(a). Each of the elementsnumerosity, commonality, typicality, and representativenessis discussed under its own subheading, and the order gives a full explanation as to how the proponents of the class certification had met their burden of proving those elements.[1]
We do not require that every trial court order certifying a class be as meticulous and lengthy as the order in Duncan. However, every order must provide a rigorous analysis of the four elements of Rule 23(a). At a minimum, the order must identify each of the four elements and explain how the proponents of the class certification have met their burden of proving those elements. If the trial court does not meet this basic requirement, then an appellate court cannot determine whether the trial court complied with Rowan and applied the relevant criteria.[2]
The trial court in this present case did not comply with the requirements of Rowan; its order does not identify each of the four elements of Rule 23(a) and does not give us sufficient information to determine how the proponents of class certification met their burden of proving those elements. The trial court's order provides us with information on only the fourth element of Rule 23(a)representative parties. The trial court stated:
"2. The Court names the Plaintiffs Douglas and Linda Walters as representative[s] of the class, and finds that they are... appropriate class representatives, and can fairly can [sic] adequately represent the interests of the class.
"3. The Court names as Class Counsel, Garve W. Ivey, Jr., and Clatus Junkin, *189 King, Ivey and Junkin, and finds that they are competent and capable of representing the interests of the class."
Order at 2. The trial court order does not identify the other three elements of Rule 23(a)numerosity,[3] commonality, and typicality. Neither can this Court determine from the record whether the trial court applied a rigorous analysis to support its finding as to each of those elements. Therefore, the trial court has not met the requirements of Rowan.
The proponents of the class action certification argue that the class was certified only "conditionally" and that the lack of finality precludes this Court from issuing the writ. We agree that the certification order was conditional; this is evidenced by the order itself,[4] as well as by the following discussion at the certification hearing:
"THE COURT: And it's going to be as a matter of proof. You know, we're not trying the case today.
"MR. BELL: I'm talking about the four elements of Rule 23.
"THE COURT: I understand that. Believe me, I know them backwards and forwards. What I'm going to do, because of the time constraints in this caseand for another thing this is something where the law has completely outrun the procedure in this State. You know, this thing is a nightmare. You've got these things going on everywhere and nobody knows what's going on in the other cases. I don't know how to fix that butyou know, when I get to be Governor, I'll fix itsomething has got to be done. You know, I don't know what other states do but something has got to be done.
"I'm going [to certify] the class but I'm going to give your folks [the defendants] a complete and total opportunity to come in here to present the defenses and we will call it decertification, we will call it whatever you want to. You can have an opportunity on the basis that you're talking about to come back in here and change this thing. What I'm saying is that I'm going to certify the class, that's always subject to being decertified. Somebody is going to have to let these people know that there isn't a class then, but we will cross that bridge if and when we get to it. So, we are going to go forward with it on that basis.
"MR. BELL: Your Honor, are you saying that you're certifying the class as to anybody in the State of Alabama who has purchased credit life insurance from American Bankers for the last 20 years?
"THE COURT: Today exactly.
"MR. PRATER: And Your Honor, just so the record is clear on this, by virtue of certifying the class, of course, you're overruling our motions with respect to venue.
"THE COURT: And the summary judgment motion.
"MR. BELL: Okay.
"THE COURT: And we will just cross that later."
The issue, therefore, is whether this Court should treat a "conditional" order certifying a class in a manner different from the manner in which it would treat a class-certification order such as that discussed in Ex parte Blue Cross & Blue Shield, supra.
At first blush, federal law and Alabama law appear to conflict on this question. The defendants argue that labeling the certification order as "conditional" does not authorize the circuit court to disregard the rigorous-analysis requirement of Rule 23 or to eliminate the plaintiff's burden of proof. The defendants rely heavily on In re American Medical Systems, Inc., 75 F.3d 1069 (6th Cir.1996). In that case, the Court of Appeals for the Sixth Circuit, following a class certification *190 hearing, certified a conditional class, just as the circuit court in this present case conditionally certified the Walters class. Like the judge in this present case, the judge in American Medical Systems declared that the class certification was "conditional" and was "subject to decertification at any time." Id. at 1075. Although it held a hearing, the district court in American Medical Systems made no factual findings and did not apply the elements of Rule 23 to the plaintiffs' claims.
The defendants in American Medical Systems petitioned the Sixth Circuit Court of Appeals for writs of mandamus, arguing, among other things, that the district court had failed to satisfy the standards for class certification and had not created a factual record establishing the elements of Rule 23. The Sixth Circuit noted that the party seeking certification bears the burden of proof and that "[a] class is not maintainable as a class action by virtue of its designation as such in the pleadings." Id. at 1079. The court reviewed the record and found "not even the hint of any serious consideration by the judge of commonality," id. at 1081, and the court stated that "the district judge gave no serious consideration to [typicality], but simply mimicked the language of the rule." Id. at 1082. Similarly, the district judge in American Medical Systems failed to make essential factual findings with respect to the adequacy of the named plaintiffs, and, the Sixth Circuit concluded, "[g]iven the absence of evidence that common issues predominate, certification [under Rule 23(b)(3)] was improper." Id. at 1085. Thus, the defendants maintain that the conditional order in this present case, like the order in American Medical Systems, should have included the rigorous Rule 23 analysis required in all other certification orders.
The plaintiffs, in opposition to this argument, cite Ex parte Voyager Guaranty Insurance Co., 669 So.2d 198 (Ala.Civ.App. 1995), and Ex parte Masonite Corp., 681 So.2d 1068 (Ala.1996). They argue that those two cases support their view that we should not impose the same requirements for conditional certification orders that we have applied to final orders of certification.
In Voyager, the trial court certified a class, stating that the certification and the court's findings were "conditional pending further discovery and procedures with regard to final certification of the class." 669 So.2d at 199. The defendant Voyager Guaranty Insurance Company petitioned the Court of Civil Appeals for a writ of mandamus directing the trial court to vacate its order of class certification. Voyager argued that in its order the trial court had not properly reviewed the elements of Rule 23 and that the trial court had "`rushed to judgment in designating the class.'" 669 So.2d at 200 (quoting Ex parte Blue Cross & Blue Shield of Alabama, 582 So.2d 469 (Ala.1991)). However, Voyager did not object in the trial court to the conditional certification. Concurring in the result in Voyager, 669 So.2d at 201, Judge Crawley quoted this Court's statement in Sea Calm Shipping Co., S.A. v. Cooks, 565 So.2d 212, 216 (Ala.1990): "This Court will not hold a trial court to be in error unless that court has been apprised of its alleged error and has been given the opportunity to act thereon."
The plaintiffs also cite Masonite, which can be distinguished from this present case. The issues presented in Masonite focused on recusal of the trial judge and whether it was proper for the judge to certify a nationwide class. The opinion in that case did not address the question raised in this case, which is the amount of analysis required for a trial judge to conditionally certify a class under Rule 23(a).
The importance of making sure that a class is appropriate for certification outweighs any need to certify the class so quickly that the appropriate analysis is left undone. American Bankers argues that the trial judge did not analyze two of the elements required for certification of a class action. In addition, the trial court placed the burden on the defendants to disprove the existence of the elements of a class, even though that court made no true analysis of the elements of commonality and typicality. This was tantamount to shifting the burden of proof with respect to class actions from the plaintiff to the defendant.
*191 We hope that through this opinion we will alleviate some of the problems inherent in the "race to the courthouse" mentality that recent Rule 23 practice has tended to encourage. Attorneys should not be able to obtain in one county a hastily ordered conditional certification and then have that certification order abate the order of a court in another county that is performing the rigorous analysis required by Rule 23. A "rush to judgment" in the form of a hurried conditional certification order undermines the goal of performing a complete analysis to determine the appropriateness of the class action litigation. As the Court of Appeals for the Fifth Circuit wrote in Castano v. American Tobacco Co., 84 F.3d 734, 741 (5th Cir.1996), "`[c]onditional certification is not a means whereby the District Court can avoid deciding whether, at that time, the requirements of [Rule 23] have been substantially met.'" (Quoting In re Hotel Telephone Charges, 500 F.2d 86, 90 (9th Cir.1974).) Alabama circuit courts must conduct the same careful analysis, regardless of whether the class certification order is labeled "conditional" or is labeled "final."
We conclude that the defendants have shown (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent trial judge to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court. See Ex parte Johnson, supra, 638 So.2d at 773.
Therefore, we grant the mandamus petition. The trial court is directed to vacate its November 9, 1995, order certifying a class in this cause and to make further findings as to whether the proponents of class certification have met their burden of proving each of the four elements of Rule 23(a). Any further conditional order of the trial court must identify each of the four elements of Rule 23(a). The order must not simply parrot the language of Rule 23(a) but must provide a written rigorous analysis of each element and explain how the proponents of class certification have met their burden of proving these elements. Finally, a trial court should not issue a conditional certification order that shifts the burden of proof with respect to the Rule 23 elements required for certifying a class. The burden of proving the Rule 23 elements remains with the plaintiff until the trial court has made the requisite finding as to each of the four elements.
PETITION GRANTED.
MADDOX, HOUSTON, and SEE, JJ., concur.
ALMON, SHORES, KENNEDY, COOK, and BUTTS, JJ., concur in the result.
ALMON, Justice (concurring in the result).
I concur with Justice Cook's opinion concurring in the result. In reading the lead opinion, I am not sure exactly what is meant by "rigorous analysis." It seems likely that the level of analysis and the requirements of proof or other substantiation of the class allegations will vary from case to case. In Ex parte First National Bank of Jasper, 717 So.2d 342 (Ala.1997), also decided today, this Court has applied the rule that the first class action that is filed takes precedence, rather than the first one that is certified. Therefore, any perceived need for a hasty certification without notice, a hearing if necessary, and careful consideration of the application of Rule 23 to the circumstances of the case should cease to exist. I hesitate to address generally the standard for certification in a case such as this one, where the driving influence seems to have been a perceived need for haste because of the effect of cases such as Ex parte First National Bank of Jasper, 675 So.2d 348 (Ala.1995), First National Bank of Jasper v. Crawford, 689 So.2d 43 (Ala.1997), and Ex parte Voyager Guar. Ins. Co., 669 So.2d 198 (Ala.Civ.App.1995). After this case had been pending for some time, the plaintiffs sought an expedited certification because of information they had received indicating that certification might be imminent in a class action that the plaintiffs believed to be a "friendly" action that would usurp their claims if certified first.
I agree, given all the circumstances, that the petition for the writ of mandamus is due to be granted.
*192 KENNEDY, Justice (concurring in the result).
I concur in the result. See my opinion concurring specially in Ex parte First National Bank of Jasper, 717 So.2d 342 (Ala. 1997).
COOK, Justice (concurring in the result).
This is a petition for a writ of mandamus to the trial court. Although I agree that a trial court's order must demonstrate the court's analysis of the prerequisites of Rule 23(a), Ala. R. Civ. P., in its order conditionally certifying a class, I believe we must clarify what is meant by "a rigorous analysis," so that courts and parties may discern what is necessary for a class to be conditionally certified.
Even though a trial court is certifying a class "conditionally," the court must proceed with a Rule 23(a) analysis in order to assure that the prerequisites of Rule 23(a) are satisfied for class certification. To support the certification of a conditional class, parties must present evidence of such quality and weight as to satisfy the prerequisites of Rule 23(a). The "rigorous analysis" standard does not require the trial court to conduct a "precertification evidentiary hearing ... in every caseor even in most cases." Ex parte First National Bank of Jasper, 717 So.2d 342 (Ala.1997). The "`issues [may be] plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim.'" Id. at 354 (quoting General Telephone Co. of the Southwest v. Falcon, 457 U.S. 147, 160, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982)). Such issues must be decided on a case-by-case basis and not according to any rigid rule.
After reviewing the briefs in this case, I believe that the plaintiffs presented evidence of such quality and weight, in their memorandum in support of the motion for class certification, that the trial court could have analyzed each Rule 23(a) prerequisite in its order; could have found evidence of numerosity, commonality, typicality, and adequate representation; and could have conditionally certified a class. However, the trial court's order does not reflect any evaluation of this evidence, and it is therefore deficient, as the court failed to address the prerequisites of commonality and typicality.[5]
I agree that this class should be decertified and the case remanded for a new certification hearing so that the plaintiffs may present evidence showing that the prerequisites of Rule 23(a) are met. Furthermore, in its order the trial court should address each prerequisite and indicate how the plaintiffs have met it. See also Ex parte First National Bank of Jasper, which thoroughly addresses the concerns raised by the class-action litigants in this case regarding the necessity of conditional certification to ensure that the court will not be ousted of its jurisdiction by the subsequent filing in another court of a complaint containing identical class allegations.
ALMON, SHORES, and BUTTS, JJ., concur.
NOTES
[1] "The proponent of the class action status bears the burden of proof as to each of the ... prerequisites [i.e., the four elements of Rule 23(a)]." Rowan, 476 So.2d at 46 (citing Duncan v. Tennessee).
[2] In Butler v. Audio/Video Affiliates, Inc., 611 So.2d 330 (Ala.1992), this Court reviewed a trial court's order denying class certification. The Court stated: "In its order, the trial court held that the Butlers had failed to satisfy the requirements of Rule 23, and it painstakingly set forth the findings on which it based that holding ...." 611 So.2d at 331. This Court then quoted, in its entirety, the order of the trial court; that order identified each of the four elements of Rule 23(a) and explained how the proponents of class certification had failed to meet their burden of proving those elements. This Court concluded:

"The trial court's findings are clearly supported by the evidence, and its holding that the Butlers failed to satisfy the requirements of Rule 23 is clearly supported by the record. The trial court did not abuse its discretion in denying the Butlers' motion for class certification."
611 So.2d at 332.
[3] The parties stipulated that the requirement of "numerosity" was satisfied in this present case.
[4] The trial court's order states that "[c]lass certification is by definition conditional, and the Defendant may, if applicable, test this ruling by motion for summary judgment, and in the event of the defendant persuading the Court otherwise, the classes can at that time be redefined." This order appears to shift to the defendant the burden of presenting to the trial court evidence concerning the appropriateness of class certification.
[5] The trial court's order addressed the element of adequate representation, and the parties stipulated to the element of numerosity.