PER CURIAM.
This case arises out of an automobile accident in which Timothy Joe Sprinkle, a minor, was injured. It is undisputed that the accident was caused by George Hardy Edwards, Jr., a deputy sheriff, who was responding to an emergency dispatch and driving at a high rate of speed. The trial court entered a summary judgment for Edwards. Because we find that Sprinkle’s claim is precluded by the doctrine of res judicata, we affirm the trial court’s judgment.

Factual and Procedural Background

Sprinkle was injured when Deputy Sheriff Edwards, responding to an emergency 911 dispatch call, allegedly drove through a dangerous curve at approximately 90 miles per hour without his emergency flashers or siren on, violating § 32-5A- *218 7(c), AIa.Code 1975. Edwards lost control of his vehicle and collided with another vehicle traveling in the opposite direction that was operated by Peggy Davidson Cooley and in which the plaintiff, Timothy Joe Sprinkle, was a passenger. As a result of the collision, Cooley and her unborn child were killed, and Sprinkle was injured.
Sprinkle sued Edwards and others in the Baldwin Circuit Court, alleging negligence, wantonness, and violations of his civil rights under 28 U.S.C. § 1983. The defendants removed the case to federal court. Once in federal court, the defendants filed a motion to dismiss the complaint for failure to state a claim under Rule 12(b)(6), Fed.R.Civ.P. (hereinafter referred to as “Federal Rule 12(b)(6)”). The federal district court granted that motion, but did not indicate in its order whether the dismissal was with prejudice, and it permitted Sprinkle to restate his § 1988 claims if he could do so in a viable manner. Within 14 days of that dismissal, Sprinkle filed another complaint in the Baldwin Circuit Court realleging his state-law claims of negligence and wantonness against Edwards in his individual capacity; that complaint included no federal claims. Edwards moved to dismiss the state-law claims, arguing that they were barred by the doctrines of res judicata and/or collateral estoppel. The trial court denied Edwards’s motion. Edwards then filed a motion for a summary judgment, arguing that the action was barred by the doctrines of res judicata and/or collateral estoppel, or, in the alternative, that Edwards was immune from liability under the theory of State-agent immunity. The trial court granted that motion and entered a summary judgment for Edwards, but it did not specify on what ground.
Sprinkle appeals from that summary judgment, raising two issues. First, Sprinkle argues that the doctrines of res judicata and/or collateral estoppel do not bar his state action because, he says, the dismissal by the federal district court pertained only to the federal claims raised before that court, not the state-law claims; he argues that a dismissal based on Federal Rule 12(b)(6) is not a ruling on the merits of his state-law claims and therefore cannot bar a subsequent action. Second, Sprinkle argues that Edwards is not immune from suit on the ground of State-agent immunity under Ex parte Cranman, 792 So.2d 392 (Ala.2000), or under § 6-5-338, Ala.Code 1975.

Analysis

Sprinkle first argues that the dismissal of his complaint by the federal district court on the Federal Rule 12(b)(6) ground of failure to state a claim does not meet the elements of res judicata. The elements of res judicata are:
“(1) a prior judgment on the merits; (2) rendered by a court of competent jurisdiction; (3) substantially the same parties involved in the prior case are involved in the current case; and (4) the same cause of action [is] presented in both suits.”
Ex parte Jefferson County, 656 So.2d 382, 384-85 (Ala.1995) (citing Smith v. Scott Paper Co., 620 So.2d 976 (Ala.1993)).
Specifically, Sprinkle argues that the federal district court’s dismissal was not a judgment on the merits as to his state-law claims. He argues that the federal district court’s dismissal did not discuss the state-law claims and that, in any event, a Federal Rule 12(b)(6) dismissal becomes final only if it is converted to a Rule 56, Fed. R.Civ.P., motion for a summary judgment. Federal Rule 12(b) states, in pertinent part:
“If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which *219 relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.”
It is undisputed that the defendants’ motion was not treated as a summary-judgment motion but as a motion to dismiss. Sprinkle argues that Federal Rule 12(b)(6) tests only whether the claims have been adequately stated in the complaint; it does not test the merits of those claims. According to Sprinkle, courts reach the merits of the claims only when they reach the summary-judgment stage of the litigation.
Sprinkle further argues that a dismissal can have res judicata effect only if there is a dismissal and if leave to amend the complaint is denied with prejudice. Citing Carter v. Money Tree Co., 532 F.2d 113, 115 (8th Cir.1976). Sprinkle points out that because the federal district court granted him leave to amend his complaint, the denial was without prejudice.
Edwards counters by arguing that the federal district court granted Sprinkle ■leave only to amend as to the federal claims stated in his complaint, not as to the state-law claims. Thus, he argues, the federal district court’s dismissal of the state-law claims was with prejudice. Additionally, Edwards points to Rule 41(b), Fed.R.Civ.P., which states:
“Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication on the merits.”
Failure to state a claim is not one of the exceptions listed in Federal Rule 41(b); thus, Edwards argues, by implication a dismissal for failure to state a claim “operates as an adjudication on the merits.”
Edwards is correct. The United States Supreme Court has stated that “[t]he dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a ‘judgment on the merits’ ” for res judicata purposes. Federated Dep’t Stores, Inc. v. Moitie, 452 U.S. 394, 399 n. 3, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (citing Angel v. Bullington, 330 U.S. 183, 190, 67 S.Ct. 657, 91 L.Ed. 832 (1947), and Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946)). Thus, a dismissal for failure to state a claim pursuant to Federal Rule 12(b)(6) is generally preclusive.
However, while this rule settles the point that Sprinkle’s § 1983 claims, if not amended, would be precluded by the doctrine of res judicata, it does not answer the question whether the state-law claims were dismissed with prejudice. The federal district court’s order does not discuss Sprinkle’s state-law claims. This Court could answer such a question only by delving into the mind of the federal district court, an exercise this Court lacks the inclination or the ability to perform.
Federal Rule 41 explicitly states that unless the court has specified otherwise, a dismissal is an adjudication on the merits. The federal district court did not specify otherwise in this case, and we will not presume the opposite conclusion — that the dismissal in this case was not an adjudication on the merits — on the basis of its silence. Therefore, because the federal court’s decision was an adjudication on the merits by a court of competent jurisdiction involving the same parties and the same claims, Sprinkle’s action against Edwards is barred by the res judicata effect of the federal district court’s dismissal of all *220 Sprinkle’s claims. However, because the federal district court neglected to mention Sprinkle’s state-law claims in its dismissal, we note that if Sprinkle was to obtain a clarification from the federal district court under Rule 60, Fed.R.Civ.P., that the dismissal of his state-law claims was without prejudice, Sprinkle would be entitled to relief from our determination, according to Rule 60(b), Ala. R. Civ. P. Our conclusion precludes any discussion of Edwards’s State-agent immunity arguments. The trial court’s summary judgment for Edwards is affirmed. We further hold that Edwards’s motion for sanctions against Sprinkle is denied because Sprinkle’s claims were not frivolous.[1]
AFFIRMED; MOTION FOR SANCTIONS DENIED.
HOUSTON, BROWN, and HARWOOD, JJ., concur.
SEE and LYONS, JJ., concur specially.
WOODALL, J., concurs in the result.
MOORE, C.J., and JOHNSTONE, J., concur in part and dissent in part.
STUART, J., recuses herself.*

. In so holding, we note that we did not consider Sprinkle’s response to Edwards’s motion.