Henry L. Clothier, Jr., appeals from a dismissal on res judicata grounds of his complaint against Counseling, Inc. We affirm.
On July 22, 2002, Clothier sued Counseling, Inc., alleging breach of contract, conversion, fraud, and unjust enrichment. Counseling, Inc., moved to dismiss the complaint because, it alleged, the complaint failed to state a claim and was barred by the applicable statutory-limitations period. The trial court issued an order dismissing Clothier's complaint on September 18, 2002; that order, which was filed in the circuit clerk's office on September 19, 2002, did not specify that the dismissal was "without prejudice." Clothier filed no postjudgment motion and no appeal from the dismissal of his complaint.
On October 3, 2002, Clothier filed another complaint, alleging the same claims he had alleged in his original complaint against Counseling, Inc. On November 12, 2002, Counseling, Inc., moved to dismiss the complaint on res judicata grounds. The trial court dismissed the second complaint, based on the doctrine of res judicata, on December 2, 2002. Clothier appeals. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975.
The elements of res judicata are:
 "'(1) a prior judgment on the merits; (2) rendered by a court of competent jurisdiction; (3) substantially the same parties involved in the prior case are involved in the current case; and (4) the same cause of action [is] presented in both suits.'
 "Ex parte Jefferson County, 656 So.2d 382, 384-85
(Ala. 1995) (citing Smith v. Scott Paper Co., 620 So.2d 976 (Ala. 1993))."
Sprinkle ex rel. Philyaw v. Edwards, 848 So.2d 217, 218 (Ala. 2002). There is no dispute as to whether the second, third, and fourth elements of res judicata are present in this case. Clothier's argument is addressed to the first element of res judicata. He maintains that the dismissal of his first complaint on statute-of-limitations grounds was not an adjudication "on the merits." For this proposition, he cites Simsv. Geohagan, 641 So.2d 1237 (Ala. 1994). Sims, however, is not authority for his argument.
In Sims, the plaintiff sued a Florala police officer in a federal court, seeking damages pursuant to 42 U.S.C. § 1983 for an alleged violation of his civil rights. The federal court dismissed the plaintiff's action because the statutory limitations period for a § 1983 action had expired.[1] The plaintiff then sued the same officer in an Alabama circuit court, alleging false imprisonment, which has a six-year statute of limitations. See § 6-2-34, Ala. Code 1975. The police officer moved to dismiss the plaintiff's false-imprisonment action; the trial court granted that motion, concluding that the federal court's dismissal of the plaintiff's § 1983 claim barred the false-imprisonment *Page 1200 
claim under the doctrine of res judicata.
Sims, like the recent United States Supreme Court decision in SemtekInternational, Inc. v. Lockheed Martin Corp., 531 U.S. 497 (2001), and the recent Alabama Supreme Court decision in Sprinkle ex rel. Philyaw v.Edwards, supra, concerns the res judicata effect of a prior federal court judgment in subsequent state court litigation. That is not the situation in the present case. Here, the trial court was presented with a complaint that was virtually identical to a complaint previously dismissed two weeks earlier by the same court on statute-of-limitations grounds.
The trial court's dismissal of Clothier's first complaint was a final judgment that operated as an adjudication on the merits. Rule 41(b), Ala.R.Civ.P., states:
 "(b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."
(Emphasis added.) "[T]he effect of the `adjudication upon the merits' default provision of Rule 41(b)[, Fed.R.Civ.P.,] . . . is simply that, unlike a dismissal `without prejudice,' the dismissal in the present case barred refiling of the same claim in the [same court]."[2] SemtekInternational Inc. v. Lockheed Martin Corp., 531 U.S. at 506. See alsoPlaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) (holding that a dismissal on statute-of-limitations grounds is a judgment on the merits).
The judgment of the circuit court is affirmed.
AFFIRMED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result.
[1] "[T]he only statute of limitations now applicable to a § 1983 claim filed in a court in Alabama, whether that court is a state court or a federal court, is the two-year statute of limitations set out in Ala. Code 1975, § 6-2-38(l)." Morrow v. Town of Littleville, 576 So.2d 210,213 (Ala. 1991). See Owens v. Okure, 488 U.S. 235 (1989); Wilson v.Garcia, 471 U.S. 261 (1985); Jones v. Preuit Mauldin, 876 F.2d 1480
(11th Cir. 1989); and Acoff v. Abston, 762 F.2d 1543 (11th Cir. 1985).
Section 6-2-38(l) provides a two-year limitations period for: "[a]ll actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section."
[2] Rule 41(b), Ala.R.Civ.P., is identical to Rule 41(b), Fed.R.Civ.P. "Federal authorities are persuasive when interpreting the Alabama Rules of Civil Procedure." Rowan v. First Bank of Boaz, 476 So.2d 44, 46 (Ala. 1985).