The plaintiffs appeal from the trial court's order denying class certification.
Allan and Joan Butler sued Audio/Video Affiliates, Inc.; Rex Television and Appliance Centers, Inc.; and Dennis Fuqua, alleging that those defendants had engaged in a systematic and pervasive "bait and switch" consumer fraud. The Butlers filed a motion for class certification, which the trial court denied after holding a two-day *Page 331 
evidentiary hearing. The trial court later amended its order denying class certification, purporting to make that order final pursuant to Rule 54(b) Ala.R.Civ.P. The Butlers appeal.
Although we recognize that this was an interlocutory order and as such does not fit within the formal rules of finality, we note that a denial of class certification effectively terminates the litigation as to all members of the class other than the original plaintiff; this is because it has a "death knell" effect of making further proceedings in the action impractical and because it finally determines a claim of right separate from and collateral to the rights asserted in the cause of action. Therefore, we hold that an order denying class certification is an appealable "final" order.[1]
In order for a class action to be certified, the proponents of the class action must satisfy the requirements of Rule 23, A.R.Civ.P. — all four prerequisites of Rule 23(a), referred to as numerosity, commonality, typicality, and adequacy, and one of the three categories of Rule 23(b). See Marshall Durbin Co. v. Jasper Utilities Board, 437 So.2d 1014 (Ala. 1983). Certification of a class is within the trial court's discretion, and we will reverse a certification ruling only for an abuse of discretion. See, Ex parte Blue Cross Blue Shieldof Alabama, 582 So.2d 469 (Ala. 1991); Marshall Durbin v. JasperUtilities Board, supra.
According to the Butlers, under the facts of this case, "given the overwhelming evidence of defendants' pervasive scheme of 'bait and switch' consumer fraud" and given the controlling case law, the trial court abused its discretion in denying their motion for class certification.
According to the defendants, the trial court considered all of the requirements of Rule 23 in light of the evidence in denying the Butlers' motion to certify the class. The defendants maintain that the denial is supported by the evidence and that the trial court did not abuse its discretion in denying certification.
In its order, the trial court held that the Butlers had failed to satisfy the requirements of Rule 23, and it painstakingly set forth the findings on which it based that holding:
 "This cause arises upon a motion to certify a class action filed by the plaintiffs Allan Butler and Joan Butler. The motion sought to certify a class composed of 'all persons who on or after September 13, 1988, attempted to purchase an advertised product, item, or warranty and/or purchased a non-advertised product, item, or warranty from any of defendants' stores located in the state of Alabama.'
 "A hearing on said motion was held on February 13 and 14, 1991. At the hearing, the court heard live testimony. . . . Having duly considered this live testimony, the pleadings and evidentiary material filed herein, . . . affidavits, . . . [a] sworn statement, depositions . . . , all exhibits admitted into evidence at the February 13 and 14, 1991, hearing, all other evidence presented to the court, oral arguments of counsel, the briefs submitted by counsel, and the law applicable to the issue of class certification, the court finds the following:
 "A. The plaintiffs' class is not identifiable or determinable. Among the reasons for this, plaintiffs have failed to identify a class of 'bait and switch' victims. Plaintiffs' purported class includes all consumers who originally went into one of the defendants' stores to purchase an advertised item and purchased instead a non-advertised item. However, the plaintiffs adduced no evidence concerning how individuals who were fraudulently baited and switched could be distinguished from those who purchased a different item for other reasons.
 "B. There is no method by which to ascertain the boundaries of the plaintiffs' *Page 332 alleged class from the defendants' records, which means the proposed class would be unmanageable.
 "C. The plaintiffs' alleged class is not so numerous that joinder of all members is impracticable. Among the reasons for this plaintiffs have not identified how many purchasers may be in the class.
 "D. The plaintiffs are not representatives of the alleged class. Among the reasons for this, the evidence presented at the hearing established that the plaintiffs were not exposed to any of defendants' alleged bait and switch practices, nor did they sustain any damages for the purpose of maintaining a class action.
 "E. The claims of the plaintiffs are not typical of the claims of the alleged class. Among the reasons for this, it was established at the hearing that, after entering one of the defendants' stores to purchase a television within a certain price range, Mrs. Butler purchased a television and is satisfied with her purchase.
 "F. The questions of law or fact common to the members of the alleged class do not predominate over any questions affecting only the individual members.
 "G. The claims that plaintiffs want to pursue on behalf of the alleged class raise issues that would be individual and personal to each class member; thus individual issues would predominate.
 "H. Individual questions of fact predominate over questions of fact common to the members of the alleged class, because, among other reasons, to establish a violation, each and every purchaser of a non-advertised item from defendants would have to be questioned to ascertain why he or she (i) went to the store and (ii) purchased a non-advertised item. Additionally, each purchaser would have to be questioned as to whether he or she (i) is satisfied with the item that was purchased; (ii) was injured; and, if so, (iii) the extent to which damages have been incurred. Moreover, the evidence established that any representations made to alleged members of the plaintiffs' class were oral and varied from person to person.
 "I. There are no questions of law or fact common to the alleged class.
 "J. There was no common harm or impact to the alleged class members.
 "K. Plaintiffs would not fairly and adequately protect the interest of the alleged class for the reasons stated above and because they do not have the sufficient resources to pay for the notification of class members mandated by Rule 23(c).
 "For the above-mentioned reasons, and based upon the live testimony proffered at the evidentiary hearing, the affidavits and all other evidence presented to the court, the pleadings, briefs, oral arguments of counsel, and the law applicable to the issue of class certification, I find that a class action is not superior to other methods for the fair and efficient adjudication of the instant controversy and further find that the superior method for dealing with this matter is on an individual, case by case determination of the issues."
(R. 695-98) (Emphasis added.)
The trial court's findings are clearly supported by the evidence, and its holding that the Butlers failed to satisfy the requirements of Rule 23 is clearly supported by the record. The trial court did not abuse its discretion in denying the Butlers' motion for class certification.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.
[1] We recognize that this holding is contrary to current practice in federal courts, but we reject the reasoning of Coopers Lybrand v. Livesay, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351
(1978) (rejecting the "death knell doctrine"). *Page 333