This mandamus petition arises from the certification of a nationwide class action against Exxon Corporation. Exxon requests an order directing the Circuit Court of Sumter County to decertify the class. Exxon *Page 931 
contends that the circuit court abused its discretion by certifying the class without adequately considering the requirements for class certification set forth in Rule 23, Ala. R. Civ. P. Because we conclude that the circuit court certified this class with only a cursory review of the choice-of-law issues and that this action cannot be maintained by the current class representatives, we grant the petition.
The plaintiffs, claiming economic loss, seek damages based on allegedly deceptive trade practices used by Exxon in a marketing campaign it launched to promote Exxon 93 Supreme gasoline. The marketing campaign indicated that the use of Exxon 93 Supreme gasoline would reduce automobile maintenance costs. In September 1996, without admitting liability, Exxon discontinued the marketing campaign, after the Federal Trade Commission ("FTC") had accused Exxon of false and misleading advertising. A number of class actions, including this one, were filed in November 1996; those actions were based primarily on the FTC's allegations against Exxon.
The plaintiffs' principal allegation is that Exxon's marketing campaign increased the demand for Exxon Supreme 93 gasoline, allowing Exxon to inflate the price on Exxon Supreme 93 gasoline, to the detriment of the plaintiffs. The plaintiffs allege that, but for Exxon's marketing campaign, they would not have purchased Exxon Supreme 93 gasoline or would have paid a lower price for that gasoline. Although the advertisements the plaintiffs complain of were not aired in the television and radio markets of Alabama, the plaintiffs allege that these advertisements were displayed at Exxon stations in Alabama and that Alabama citizens could have heard or viewed these advertisements when they traveled outside the state.
The Circuit Court of Sumter County certified a nationwide class action based on the plaintiffs' allegations. Although the plaintiffs' primary allegation is that the members of the class were harmed by detrimentally relying on Exxon's statement that using Exxon Supreme 93 gasoline would reduce maintenance costs in their automobiles, the circuit court did not limit the class to those persons who had purchased that gasoline after having seen or heard the advertisements, but included all persons who had purchased Exxon Supreme 93 gasoline after Exxon launched its marketing campaign. The circuit court denied Exxon's request to decertify the class, and this mandamus petition followed.
 I. Standard of Review
A mandamus petition is the proper procedural tool to challenge the certification of a class action.[1] Ex parte Blue Cross Blue Shield, 582 So.2d 469 (Ala. 1991). Mandamus relief, however, is rarely appropriate, and is limited to those cases in which the party seeking relief has demonstrated a compelling reason for that relief. Ex parte Green Tree Fin. Corp., 684 So.2d 1302, 1307
(Ala. 1996). Exxon has demonstrated that the circuit court failed to conduct the rigorous choice-of-law analysis necessary before class certification, and that the class is not maintainable by the current class representatives. See Green Tree, 684 So.2d at 1307 (stating that when the trial court has certified a class before assuring that all the prerequisites of Rule 23, Ala. R. Civ. P., have been satisfied, the petitioner has presented a compelling reason for mandamus relief).
 II. Choice of Law
Exxon argues that the circuit court abused its discretion by venturing into uncharted territory and certifying a nationwide class based on a novel "fraud-on-the-market," presumption-of-reliance theory heretofore recognized only in federal securities law. Exxon argues that the circuit court did this without first considering whether the various states would recognize such a cause of action. Exxon contends that the certification in this case effectively imposes a new law in at least 40 states — a law that turns on its head the existing law of fraud by doing away with *Page 932 
such fundamental liability principles as exposure, reliance, and causation. Exxon contends that this "fraud-on-the-market" legal theory was not an appropriate basis for class certification, and that the certification order, in fact, left important choice-of-law questions unaddressed.
The plaintiffs contend that the circuit court's certification order did not leave the questions concerning choice of law unanswered. The plaintiffs argue that the circuit court properly recognized that one state's law might apply to the entire case, and that, if choice-of-law issues arose in the future they could be appropriately dealt with through subclasses or through specific jury interrogatories. We disagree and we conclude that the circuit court's choice-of-law analysis was not a rigorous one. See generally Ex parte Citicorp Acceptance Co.,715 So.2d 199 (Ala. 1997) (requiring a "rigorous analysis" of the requirements necessary for class certification, including an analysis of the applicable choice of law).
Before a circuit court determines that an action should be certified as a class action, it must determine that the questions of law predominate over any questions affecting only individual members of the class. Rule 23(b)(3), Ala. R. Civ. P. In PhillipsPetroleum Co. v. Shutts, 472 U.S. 797, 821, 105 S. Ct. 2965,86 L.Ed.2d 628 (1985), the United States Supreme Court cautioned that in the context of class certification, the court "may not take a transaction with little or no relationship to the forum and apply the law of the forum . . . to satisfy the procedural requirement that there be a common question of law.'"
The circuit court's certification order states simply that "one state's law might apply to the entire class." Not only does this statement stand in stark contrast to Alabama's general choice-of-law principles, which mandate that Alabama courts "determine the substantive rights of an injured party according to the law of the state where the injury occurred," Fitts v. MinnesotaMining Manufacturing Co., 581 So.2d 819, 820 (Ala. 1991), but the circuit court, in its assessment that one state's law might apply to the entire class, failed to consider whether that one state would have "`a significant contact or significant aggregation of contacts'" to the claims asserted by each plaintiff to ensure that the choice of law was not arbitrary or unfair to Exxon. Shutts, 472 U.S. at 818, 105 S. Ct. 2965.
The plaintiffs seek relief based on New Jersey's consumer protection laws, but they have made no showing (1) that the separate states where the members of the class reside would recognize the application of New Jersey consumer fraud law, (2) that New Jersey consumer fraud law was consistent with the consumer fraud laws of the several states, or (3) that New Jersey had sufficient contacts with each of the individual plaintiffs for New Jersey law to apply. See In re Ford Motor Co. IgnitionSwitch Products Liab. Litigation, 174 F.R.D. 332, 349 (D.N.J. 1997)[2] (stating that "plaintiffs bear the burden of providing an `extensive analysis' of state law variations to determine whether there are `insuperable obstacles' to class certification"). In addition, the plaintiffs have failed to demonstrate that the New Jersey courts would recognize a "de facto consumer fraud," presuming that all purchasers of Exxon Supreme 93 gasoline were harmed by Exxon's marketing campaign. See In re American Med Sys., Inc, 75 F.3d 1069, 1085 (6th Cir. 1996) (stating that in certifying a nationwide class the district court had abused its discretion by failing to consider how the laws of negligence differ from jurisdiction to jurisdiction, and stating that "[i]f more than a few of the laws of the fifty states differ, the district court would face an impossible task of instructing a jury on the relevant law"); Castano v. AmericanTobacco Co., 84 F.3d 734, 750 (5th Cir. 1996) (stating that the district court had abused its discretion by embarking "on a road certainly less traveled, if ever taken at all," in certifying a nationwide class action based on a wholly untested and novel theory without *Page 933 
considering how the variations in state law might affect predominance, and relying solely on the plaintiffs' allegations that no variations in the state laws would prevent certification). Thus, notwithstanding the circuit court's statements in its certification order, a court must, before certifying a class, make a choice-of-law determination, including a determination of whether variations in state law defeat predominance.[3]
 III. Class Representation
Even more important than the circuit court's failure to conduct the proper choice-of-law analysis is the fact that the class is not maintainable by the current class representatives. Alabama law does not allow consumers to bring class actions based on deceptive trade practices. Ala. Code 1975, § 8-19-10(f).[4]
Although consumers are allowed to pursue their individual actions, class relief is reserved for the office of the attorney general or a district attorney. Id Thus, because the gravamen of the plaintiffs' complaint is that Exxon engaged in a deceptive trade practice by promoting its Exxon 93 Supreme gasoline as superior to other types of gasoline, the plaintiffs are procedurally barred from representing a class in this case.
That the plaintiffs seek to apply New Jersey law to this case is not dispositive. See generally Cherry, Bekaert Holland v. Brown,582 So.2d 502, 507 (Ala. 1991) (stating that "where application of [another] state's laws would be contrary to Alabama policy, the parties' choice of law will not be given effect and Alabama law will govern"). Otherwise, by suing under another state's law that is more favorable to the results they seek, parties could circumvent the clear intent of the Alabama legislature and, in effect, force this Court to judicially create new procedures or causes of action.
This Court has previously rejected a plea to "`reopen an avenue to litigation that the Legislature, in its wisdom, closed,'" D.D. v. C.L.D., 600 So.2d 219, 223 (Ala. 1992), and a plea to create a private cause of action through statutory construction, when the legislature had no such intent in enacting the statute. BamaBudweiser of Montgomery, Inc. v. Anheuser-Busch, Inc.,611 So.2d 238, 248 (Ala. 1992). Similarly, in this case we refuse to ignore the legislature's action expressly reserving class representation to the attorney general or a district attorney; we will not, contrary to Alabama's legislative policy, allow a consumer to represent the *Page 934 
class.[5] Thus, because Alabama law prevents consumers from representing a class seeking relief for a defendant's alleged deceptive trade practices, the current class representation cannot maintain this action as a class action.[6]
Because the circuit court certified this class with only a cursory review of the choice-of-law issues and because the current class representatives cannot maintain this action as a class action, Exxon has demonstrated a clear legal right to an order decertifying the class.
WRIT GRANTED.
HOOPER, C.J., and MADDOX, and SHORES, JJ., concur.
COOK, J., concurs in the result.
LYONS, J., recuses himself.*
[1] Because a writ of mandamus is an extraordinary remedy, the party seeking it must demonstrate: "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Alfab, Inc., 586 So.2d 889
891 (Ala. 1991).
[2] Because Ala. R. Civ. P. 23 is substantially identical to Fed.R.Civ.P. 23, in interpreting our Rule 23 we use cases interpreting the federal rule as persuasive authority. FirstBaptist Church of Citronelle v. Citronelle-Mobile Gathering, Inc.409 So.2d 727, 729 (Ala. 1981).
[3] This Court has previously affirmed a trial court's order rejecting a similar request for a class certification based on a fraud-on-the-market, presumption-of-reliance theory. Butler v.Audio/Video Affiliates, Inc., 611 So.2d 330 (Ala. 1992). In Butler, the plaintiff sought to have a class certified based on the defendant's alleged bait-and-switch tactics. Id. at 331. The plaintiffs requested certification of a class that included not only those who had viewed an advertisement for a lower-priced product and then had purchased a higher-priced product while at the store, but also those who merely purchased the 4 higher-priced non-advertised product. Id. This Court affirmed the trial court's order refusing to certify the class, where the trial court stated that "the plaintiffs adduced no evidence concerning how individuals who were fraudulently baited and switched could be distinguished from those who purchased a different item for other reasons" and "each and every purchaser of a non-advertised item from [the defendant] would have to be questioned to ascertain why he or she (i) went to the store and (ii) purchased a non-advertised item." Id. at 331-32. Similarly, in this case the plaintiffs have adduced no evidence as to why persons who did not see or hear the Exxon 93 Supreme gasoline advertisement purchased the gas. Thus, each member of the class who did not see or hear the advertisement would be required to testify as to why he purchased the Exxon Supreme 93 gasoline; this would cause questions of fact peculiar to individuals to predominate over questions of fact common to the entire class and thereby render class certification inappropriate. See generally Ex parte AmSouthBancorporation, [Ms. 1961212, June 19, 1998] — So.2d — (Ala. 1998) (reversing an order that certified a class action where individual claims of fraud would predominate).
[4] Section 8-19-10, Ala. Code 1975, provides:
 "(f) A consumer or other person bringing an action under this [`Deceptive Trade Practices'] chapter may not bring an action on behalf of a class; provided, however, that the office of the Attorney General or district attorney shall have the authority to bring action in a representative capacity on behalf of any named person or persons. In any such action brought by the office of the Attorney General or a district attorney the court shall not award minimum damages or treble damages, but recovery shall be limited to actual damages suffered by the person or persons, plus reasonable attorney's fees and costs."
(Emphasis added.)
[5] See also Rule 81(a)(32), Ala. R. Civ. P. (noting that a rule of civil procedure, such as Rule 23, that is contrary to the practice provided for by statute is displaced by that statute).
[6] Because class certification was inappropriate, we need not address Exxon's argument that the circuit court, before ruling on the question of class certification, should have ruled on Exxon's motion for a change of venue.
* Note from the reporter of decisions: This opinion was corrected on December 4, 1998, to reflect Justice Lyon's recusal.