Paul Marvin Dodd sued his former employer, Batey Sanders, Inc. ("the company"), for workers' compensation benefits; in the same action, he sought damages, pursuant to § 25-5-11.1, Ala. Code 1975, for an alleged retaliatory discharge. After conducting a hearing on the retaliatory-discharge claim, the trial court entered an order dismissing it. Dodd filed a "motion to reconsider," which is properly called a motion to alter, amend, or vacate, that dismissal and after conducting another hearing, the court reinstated the retaliatory-discharge claim. The court entered an order that purported to certify the reinstatement as a "final" judgment, citing Rule 54(b), Ala.R.Civ.P. The company appealed to the Alabama Supreme Court, which deflected the case to this court pursuant to § 12-2-7(6), Ala. Code 1975.
This appeal does not involve the workers' compensation claim. Initially, we note that because the trial court contemplates further proceedings in regard to the matter before us, the order now on appeal — the order reinstating the retaliatory-discharge claim — is obviously not a final judgment. R.E. Grills, Inc. v. Davison, 641 So.2d 225
(Ala. 1994). Generally, an appeal to this court can be taken only from a final judgment. § 12-22-2, Ala. Code 1975. This court can, however, review an interlocutory order through a petition for the writ of mandamus. Davison, supra; Roark v. Bell, 716 So.2d 1245 (Ala.Civ.App. 1998). Rather than dismiss Dodd's appeal, we choose to treat it as a petition for a writ of mandamus directing the trial court to dismiss the retaliatory-discharge claim. Id.; Ex parte Norwood, 615 So.2d 1210
(Ala.Civ.App. 1992).
The trial court's order purporting to certify the reinstatement order as "final" is clearly inappropriate. Rule 54(b), Ala.R.Civ.P., reads in pertinent part: "When more than one claim for relief is presented in an action, . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties." The order reinstating the retaliatory-discharge claim adjudicates nothing; that order is inherently nonfinal, and it cannot be made final by calling it final. The trial court's purported certification pursuant to Rule 54(b) is of no consequence, and that court has entered no judgment from which the company can appeal.
"Mandamus is a drastic and extraordinary remedy, which should be granted only when there is a clear showing of error on the part of the trial court. The petitioner must show a clear and indisputable right to the relief he seeks." Roark, supra, at 1247; Ex parte Tampling Tile Co.,551 So.2d 1072 (Ala.Civ.App. 1989); see also, Ex parte Kenco Signs Awning Div., Inc., 732 So.2d 1019 (Ala.Civ.App. 1999). The company contends that the trial court erred in reinstating Dodd's retaliatory-discharge claim because, it says, that claim must be governed by Georgia law and Georgia does not recognize a cause of action for retaliatory discharge.
The record tends to show the following facts: The company maintains two offices — one in Gadsden, Alabama, and one in Carrollton, Georgia. Dodd was living in Gadsden in July 1995, when he was hired to be a delivery driver for the company. He was sent to work out of the company's Carrollton office, and he moved to Carrollton, becoming a Georgia resident. In October 1996, Dodd reported that he had injured his back while working in the company's warehouse in Carrollton. He returned to work and on November 13, 1996, a company employee in the Carrollton office instructed Dodd to deliver a load of steel to Gainesville, Georgia. Dodd *Page 583 
refused to make the delivery. On November 15, 1996, Jimmy Sanders, who is president of the company and who works in the Carrollton office, terminated Dodd's employment because of Dodd's refusal to make a delivery. Dodd applied for unemployment compensation in Georgia.
In reinstating Dodd's retaliatory-discharge claim, the trial court stated "that the wrongful termination of the Plaintiff is so intertwined with Plaintiff's implied contract of employment, in that such employment would not be terminated due to his exercise of a lawful right, that this court would have jurisdiction over this action." The parties' arguments suggest that the parties understand that the trial court concluded that Dodd's retaliatory-discharge claim sounded in contract rather than in tort. Therefore, the court apparently reasoned, the doctrine of excontractu applied, meaning that the retaliatory-discharge claim was to be determined by Alabama contract law because the contract of employment had been made in Alabama.
The company, however, contends that a wrongful termination claim filed pursuant to § 25-5-11.1 is a tort action. Therefore, it argues, Dodd's wrongful-termination claim must be governed by the law of the place, lexloci delicti, not the doctrine of ex contractu. We agree.
Without question, a claim alleging retaliatory discharge sounds in tort, not in contract. See, Twilley v. Daubert Coated Prods., Inc.,536 So.2d 1364 (Ala. 1988); Caraway v. Franklin Ferguson Mfg. Co.,507 So.2d 925 (Ala. 1987). "It is well settled that the traditional conflict rule of lex loci delicti applies to tort actions brought in this jurisdiction." Norris v. Taylor, 460 So.2d 151, 152 (Ala. 1984), citingBodnar v. Piper Aircraft Corp., 392 So.2d 1161 (Ala. 1981). "Under this principle, an Alabama court will determine the substantive rights of an injured party according to the law of the state where the injury occurred." Norris, supra.
It is undisputed that Dodd's employment was terminated in Georgia. Because the wrong complained of occurred in Georgia, the law of Georgia applies.
 "It has long been established in Georgia that an employee cannot bring an action against his employer for wrongful discharge from employment where he is an at-will employee with no definite and certain contract of employment because the employer, with or without cause and regardless of its motives, may discharge the employee without liability."
Evans v. Bibb Co., 342 S.E.2d 484, 485 (Ga.App. 1986). Dodd presented no evidence indicating that he had with the company a "definite and certain contract of employment" — i.e., a contract with terms that would make him something other than an employee at will. Because he was an at-will employee, the company could, under Georgia law, terminate his employment without liability.
Because Georgia law, which applies in this case, does not provide a cause of action for retaliatory or wrongful discharge, the trial court erred in reinstating Dodd's retaliatory-discharge claim. Therefore, the company's petition for a writ of mandamus is granted and the cause is remanded for the trial court to set aside its order reinstating the retaliatory-discharge claim.
WRIT GRANTED.
Yates, Crawley, and Thompson, JJ., concur.
Robertson, P.J., concurs in result. *Page 584