SHAW, Justice
(concurring specially).
I concur in the main opinion. I write specially to note the following.
It is undisputed that this Court has the authority, based on the Alabama Constitution and statute, to issue any writs necessary to give general superintendence and control of lower courts. Ala. Const.1901, Art. VI, § 140; Ala.Code 1975, § 12-2-7(3). As noted in the main opinion, there are numerous situations in which this Court exercises authority by mandamus to review interlocutory decisions that, if properly set aside, would terminate an action so as to avoid the waste and expense of further litigation.
The appellate courts of this State have, in the past, issued writs of mandamus to correct trial courts’ decisions on issues relating to the conflict of laws. Ex parte Exxon Corp., 725 So.2d 930 (Ala.1998), and Batey & Sanders, Inc. v. Dodd, 755 So.2d 581 (Ala.Civ.App.1999). Thus, the issuance of the writ in the instant case to direct the trial court on this conflict-of-laws issue treads no new ground.
Here, the correct application of conflict-of-laws principles requires the utilization of the law of the State of Washington. That law undisputedly results in the termination of this litigation. See respondent’s answer, at 29-30 (noting that Washington law “would bar a remedy” in this case). Given that our determination terminates the litigation in this action, that this Court has the power to issue writs of mandamus to supervise the trial courts, and that decisions on conflict-of-laws issues have been previously decided on mandamus review, I concur to issue the writ.