MURDOCK, Justice
(dissenting).
Although I fully concur with what I consider to be an important part of the analysis offered by the main opinion, for the *1074 reasons described below I disagree with other parts of that analysis and, as a result, respectfully must disagree with the result reached.
This case addresses a petition for a writ of mandamus filed by U.S. Bank National Association and U.S. Bancorp (hereinafter collectively referred to as “U.S. Bank”). In the portion of the main opinion that discusses the “Standard of Review,” the majority observes:
“In choosing to address U.S. Bank’s mandamus petition seeking review of the circuit court’s ruling on its motion to dismiss, we are cognizant that in order for a writ of mandamus to issue, U.S. Bank must have a ‘clear legal right’ to the order of dismissal. Although the legal issue before us has not been definitively settled, this does not mean that mandamus relief is unavailable. In other words, the mere fact that a legal issue is debatable does not change the responsibility of this Court, as a ‘court of law,’ to decide the law and provides no basis for denying relief.”
148 So.3d at 1065.
I fully agree with the foregoing statement and the analysis that follows it. If the issue described in the above-quoted portion of the main opinion was the only potential obstacle to the issuance of the writ of mandamus, I would fully concur in issuing the writ.
In this case, however, there exists a second obstacle to granting the petition for a writ of mandamus: this is not one of the types of cases in which this Court allows mandamus review of an interlocutory trial court decision refusing to dismiss an action. As this Court has stated:
“‘Subject to certain narrow exceptions ..., we have held that, because an “adequate remedy” exists by way of an appeal, the denial of a motion to dismiss or a motion for a summary judgment is not reviewable by petition for writ of mandamus.’ ”
Ex parte Kohlberg Kravis Roberts & Co., 78 So.3d 959, 966 (Ala.2011) (quoting Ex parte Liberty Nat'l Life Ins. Co., 825 So.2d 758, 761-62 (Ala.2002)). The “certain narrow exceptions” to this general rule include cases in which a trial court has failed to dismiss a claim or to enter a summary judgment where the issue is one of subject-matter jurisdiction, in personam jurisdiction, immunity, proper venue (whether venue per se or forum non conveniens under our rules of procedure or a “private” agreement as to venue in the form of a forum-selection clause), and a failure to substitute a named party for a fictitiously named party in a timely manner following the expiration of the applicable statute of limitations. As we explained in Ex parte DaimlerChrysler Corp., 952 So.2d 1082, 1089 n. 1 (Ala.2006):
“Th[e] general rule is not without exceptions. See, e.g., Ex parte Alloy Wheelsi Int’l, Ltd.], 882 So.2d [819,] 822 [ (Ala.2003) ] (‘One of the exceptions is the denial of a motion grounded on a claim of lack of personal jurisdic-tion_’); Ex parte Rizk, 791 So.2d 911, 912 (Ala.2000) (While the general rule is that the denial of a motion for summary judgment is not reviewable, the exception is that the denial of a motion for summary judgment grounded on a claim of immunity is reviewable by petition for writ of mandamus.’); and Ex parte Snow, 764 So.2d 531, 537 (Ala.1999) (noting that the denial of a summary-judgment motion is reviewable by a petition for a writ of mandamus when the undisputed evidence shows that the plaintiff failed to act with due diligence in identifying fictitiously named defendants). See also [Ex parte] Integon Corp., 672 So.2d [497,] 499 [ (Ala.1995) ] (holding that a petition for a writ of *1075 mandamus is the proper method for challenging a forum non conveniens ruling)”
See also Ex parte Alamo Title Co., 128 So.3d 700, 716 (Ala.2013) (Murdock J., concurring specially) (emphasis omitted) (noting the exceptions for “immunity, subject-matter jurisdiction, in personam jurisdiction, venue, and some statute-of-limitations defenses”); Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala.2000) (noting that the “question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus”); Ex parte Jackson, 780 So.2d 681, 684 (Ala.2000) (observing that “‘[t]he fact that a statute of limitations defense is applicable is not a proper basis for issuing a writ of mandamus, due to the availability of a remedy by appeal.’ [Ex parte Southland Bank,] 514 So.2d [954,] 955 [ (Ala.1987) ]-In a narrow class of cases involving fictitious parties and the relation-back doctrine, this Court has reviewed the merits of a trial court’s denial of a summary-judgment motion in which a defendant argued that the plaintiff’s claim was barred by the applicable statute of limitations.”); and Ex parte Kia Motors America, Inc., 881 So.2d 396 (Ala.2003) (involving a motion to dismiss based on an outbound forum-selection clause).[1]
The present case does not fall within any of the foregoing exceptions to the general rule; instead, it involves a “choice-of-law” issue. Nonetheless, the main opinion arrives at the conclusion that mandamus review is, or should be, available. I disagree.[2]
*1076 The present case involves a question as to which of two states’ law is applicable to the plaintiffs claim. This Court has never recognized an exception to the general rule that would permit interlocutory review of a trial court’s denial of a motion to dismiss or for a summary judgment for cases that turn on the resolution of such a “choice-of-law” issue. (Clearly, Ex parte Empire Fire & Marine Insurance Co., 720 So.2d 893 (Ala.1998), was not such a case.) In its discussion of the standard of review, the main opinion cites one decision from this Court that it contends provides a basis for such an exception to the general rule: Ex parte Exxon Corp., 725 So.2d 930 (Ala.1998). For the reasons explained below, I do not agree that Ex parte Exxon stands for this proposition; in fact, it is clearly distinguishable from the present case.
Put simply, Ex parte Exxon did not involve a trial court’s denial of a motion to dismiss or the denial of a motion for a summary judgment. It concerned a trial court’s certification of a class action. As the Ex parte Exxon Court noted: “A mandamus petition is the proper procedural tool to challenge the certification of a class action.” 725 So.2d at 931. A question of class certification is not before us in the present case.
Although the main opinion couples its citation to Ex parte Exxon with a citation to a second case, Batey & Sanders, Inc. v. Dodd, 755 So.2d 581 (Ala.Civ.App.1999), this latter case was decided by the Court of Civil Appeals, not this Court. As such, of course, Batey & Sanders is not binding on this Court. Neither is it persuasive.
Batey & Sanders was a workers’ compensation case. The opinion issued by the Court of Civil Appeals contains no acknowledgment of the general rule against mandamus review of the denial of a motion to dismiss or for a summary judgment, nor did the Court of Civil Appeals provide any explanation as to why or how it was able to circumvent the general rule in deciding Batey & Sanders as it did. I suggest that the Court of Civil Appeals simply overlooked the general rule and that, accordingly, Batey & Sanders provides no persuasive support for the result reached in the present case.
A closer look at the exceptions to the general rule against interlocutory mandamus review of the denial of a motion to dismiss or for a summary judgment appears to reveal that they involve questions as to whether the trial court that has declined to dismiss the action or to enter a summary judgment is a, or the, proper tribunal to decide the merits of the claims that will remain for adjudication in the wake of its decision. Where no court properly can adjudicate the merits of a claim, or where a claim ought to be, or ought to have been, tried on its merits in some different tribunal, mandamus review of the trial court’s decision to insist on adjudicating the merits of the claim has been granted by this Court. I see no reason to conclude that the time has come to recognize some additional exception that is not of the same character.
The question in the present case is, in essence, simply whether applicable law recognizes the cause of action at issue. The trial court may err in deciding this question, just as it may err in deciding an innumerable number of other legal questions that determine whether an action in a given case is cognizable or not. By answering the question here, we place ourselves on a slippery slope. On what principled basis, for example, do we distinguish between this case and a case in which a trial court must choose which of two Alabama statutes is applicable: one of which establishes a cause of action and one of which does not? On what basis do we grant mandamus review in this case, but deny mandamus review in a case in which *1077 the manner in which the interpretation of a single statute, or even a prior case, is dispositive of whether the plaintiff has a cognizable cause of action? In all of these circumstances can it not be said that the defendant is put to the effort and expense of a trial when it ought not to be? I see no principled distinction between the present case and any of these examples insofar as the adequacy of the remedy provided by an appeal following a trial and a final judgment. If “adequacy” is to be based solely on the fact that the defendant may have to endure the effort and expense of a trial when a particular ruling of the trial court could have ended the litigation, I would submit that we effectively will have abandoned the general rule against interlocutory appellate review of orders denying motions to dismiss or for a summary judgment. In so doing, we will have abandoned the virtues of a general rule that allows cases to “develop” before one of the many able trial judges of this State, with the ensuing possibility of a settlement or other final disposition in the trial court and instead permit litigants to appropriate prematurely the limited resources of this Court and the Court of Civil Appeals in cases where appellate review might otherwise become unnecessary.
This Court recently made the following statement regarding the prospect of expanding the number or type of cases in which we will conduct mandamus review of trial court decisions regarding discovery:
“ ‘Generally, an appeal of a discovery order is an adequate remedy, notwithstanding the fact that that procedure may delay an appellate court’s review of a petitioner’s grievance or impose on the petitioner additional expense; our judicial system cannot afford immediate mandamus review of every discovery order.’ ”
Ex parte Guaranty Pest Control, Inc., 21 So.3d 1222, 1226 (Ala.2009) (quoting Ex parte Ocwen Fed. Bank, FSB, 872 So.2d 810, 813 (Ala.2003) (footnote omitted)). Nor can our judicial system afford immediate appellate review of the multitude of trial court orders denying motions to dismiss or for a summary judgment founded on an assertion of the failure of the plaintiff to have alleged a cognizable claim. We must let the trial courts be the trial courts and review their decisions as to the merits of cases only in due course.
Based on the foregoing, I respectfully must dissent.

. In a few cases, we also have permitted mandamus petitions from a denial of a motion to dismiss or a motion for a summary judgment where a movant has sought to avoid a multiplicity of litigation.
"The supreme court also has considered petitions for a writ of mandamus to review orders denying motions to dismiss based on the compulsory-counterclaim rule, see Ex parte Cincinnati Ins. Co., 806 So.2d 376 (Ala.2001), and on Ala.Code 1975, § 6-5-440, the abatement statute, see Ex parte J.E. Estes Wood Co., 42 So.3d 104 (Ala.2010), both of which are intended to avoid multiplicity of litigation.”
Ex parte Ocean Reef Developers II, LLC, 84 So.3d 900, 905 (Ala.Civ.App.2011). See also Ex parte LCS Inc., 12 So.3d 55, 56 (Ala.2008) (“[A] petition for a writ of mandamus is an appropriate method by which to seek this Court’s review of the denial of a motion to dismiss predicated on the doctrine of res judi-cata.”). But see Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893 (Ala. 1998) (holding that an appeal from a final judgment would be an adequate remedy for the trial court’s erroneous denial of a motion to dismiss a counterclaim that should have been brought as a compulsory claim in an earlier action).
In its discussion of the standard of review, the main opinion also notes several other categories of cases in which this Court has permitted mandamus relief; however, the cases cited do not address the denial by the trial court of a motion to dismiss a claim or for a summary judgment and do not recognize additional exceptions to the general rule that interlocutory appellate review of such rulings by an appellate court by way of a petition for a write of mandamus is not available.

. As a preliminary matter, I note the main opinion’s observance of the fact that U.S. Bank did elect in this case to seek a certification by the trial court of a question for a permissive appeal pursuant to Rule 5, Ala. R.App. P., but that the trial court denied this request. I do not read this observation or any other reference to the trial court's denial of U.S. Bank’s attempt to obtain Rule 5 review as suggesting that, had U.S. Bank elected not to seek a Rule 5 certification, this fact would have barred it from mandamus review of an issue that otherwise would be appropriate for such review. This Court has never suggested that the availability of mandamus review of an issue otherwise appropriately reviewable by mandamus turns on whether a party first seeks a discretionary certification of that issue for a permissive appeal. See Ex parte Alamo Title Co., 128 So.3d at 714-22 (Murdock, J., concurring specially and joined by Main, J., the author of the main opinion).